A. T. FOLLETTE v. THE UNITED STATES MUTUAL ACCIDENT ASSOCIATION, OF NEW YORK.

*Insurance Policy—Suppression of Material Facts—Evidence— Contract—Application—Bodily Infirmity—Notice to Agent— Notice to Principal.*

1. In an action upon an accident insurance policy, the defence was, that the plaintiff had suppressed the fact of his deafness: *Held,* that evidence that the defendant's agent, who took the application of plaintiff, knew of this defect, was competent, although, in his application, the plaintiff stated he was free from any bodily infirmity.

2. Actual knowledge to the agent is constructive knowledge to the company; hence, the latter is deemed to have waived all objection to deafness as a bodily infirmity.

This was a CIVIL ACTION, tried at January Term, 1890, of the Superior Court of DURHAM County, before *Armfield, J.*

The plaintiff gave evidence of his injury, which was shown to have been accidental and to have happened as set out in the complaint, and that his hand was amputated above the wrist in consequence of said injury. He testified that he was partially deaf; had been so for thirty years to the same extent; that he was in good health, and his deafness did not interfere with the pursuit of his business; that he did not use any mechanical applications to enable him to hear conversation, though a person speaking to him had to elevate his voice above the ordinary conversational tone to enable him to hear; that when he took out his insurance, his deafness was just as it had been for years, and is now, and was at the time of his injury; in addressing the witness (plaintiff) Judge and counsel had to raise their voices to a loud pitch to enable the witness to hear the questions; he could not hear questions asked in the tone used to other witnesses; that he was well acquainted with the local agent of

defendant, who took his application and solicited his insurance, and had often conversed with him; that the said agent had a chance to know the extent of his deafness when he applied for the policy; that no question was asked about deafness, and nothing said about it when he made his application or received his policy; that he did not think of his deafness as a bodily infirmity, and did not intend to suppress the fact of his deafness, as aforesaid.

Plaintiff introduced and read the following letter from the Secretary and General Manager of defendant's company, having explained that the said letter was a reply to one written on September 10th, by himself, under the assumed name of Samuel C. Moore:

THE UNITED STATES MUTUAL ACCIDENT ASSOCIATION,

320, 322 and 324 Broadway, New York.

P. O. Box, 851. September 17, 1889.

*Samuel C. Moore, Esq., Asheville, N. C.*

DEAR SIR:—I have your favor of 10th instant, and, in reply, beg to say that, from the description you give of your deafness, we do not think that it will debar you from becoming a member of the Association. Fill out the inclosed application and forward it to us, together with your regular membership fee of $5, and, on receipt, we shall be pleased to issue a policy to you in this Association.

Truly yours,

JAMES R. PITCHER,
*Secretary and General Manager.*

J. J. Mackey, local agent of defendant, testified that he took plaintiff's application for membership in defendant's company and delivered him the certificate of policy. Plain-

107—16

tiff proposed to ask the witness if he knew the extent of plaintiff's deafness at the time of the application and of delivery of certificate or policy. This question was, under objection of defendant, excluded, and plaintiff excepted.

*First Exception.*—Plaintiff then asked said witness if he had frequently conversed with plaintiff prior to said application, and if any questions were asked plaintiff by him, at time of application, about deafness, or plaintiff's attention drawn to it in any way. This question was excluded, and plaintiff excepted.

*Second Exception.*—Plaintiff proved by his wife that one Frank, adjuster of defendant, who came to see plaintiff after his injury and the amputation of his hand, said that the company was satisfied no fraud or concealment was intended by plaintiff in not stating in his application that he was deaf.

Defendant introduced the certificate, or policy, and the application.

His Honor stated that he would instruct the jury that plaintiff was not entitled to recover anything, upon the ground that plaintiff's deafness was a "bodily infirmity," which he had not disclosed in his reply to the questions printed in the application, and that this was so, notwithstanding such suppression was not fraudulent or intended, and though his deafness did not contribute to his injury.

*Third Exception.*—To this ruling and intimation plaintiff excepted, and, in deference thereto, submitted to a judgment of nonsuit and appealed to the Supreme Court.

This cause coming on to be heard before me, in deference to the Court plaintiff submits to a judgment of nonsuit, and it is adjudged that the plaintiff take nothing by his suit, and the defendant go without day, and recover of the plaintiff and his prosecution bond the costs of this action, to be taxed by the Clerk.

The enclosed application is identical with the one signed in this case, and made by plaintiff, except that it is blank.

Section 12 of the application was as follows:

"12. I have never had, nor am I subject to fits, disorders of the brain, rheumatism, or any bodily or mental infirmity, except as herein stated.   Had an attack of rheumatism six years ago."

Two of the conditions of the policy were as follows:

"5. The application for membership, together with the classification risks endorsed hereon, are made a part of this certificate.   Fraud or concealment in obtaining membership, or attempts by like means to obtain indemnity, shall make the membership and this insurance absolutely void. The Association may cancel this insurance and membership at any time by refunding to the insured (member) herein named the membership fee, together with any balance to his credit deposited for assessments in advance.   This membership and insurance, unless sooner terminated by forfeiture, cancellation or resignation, shall cease and determine when the insured (member) reaches the age of sixty-five years.

"10. The provisions and conditions aforesaid, and a strict compliance therewith during the continuance of this certificate and insurance, are conditions precedent to the issuing of this certificate and to its validity, and no waiver shall be claimed by reason of the acts of any agent, unless such act or waiver shall be specially authorized in writing over the signature of the Secretary of this Association."

*Messrs. W. W. Fuller* and *R. B. Boone,* for plaintiff.

*Messrs. J. S. Manning* and *J. W. Hinsdale* (by brief) for defendant.

AVERY, J.—after stating the facts: It was competent to prove by the agent of the defendant, on his examination as a witness, that he knew, or had had abundant opportunity

and good reason to know the extent of plaintiff's deafness when he solicited him to take out a policy, or subsequently, and before the application was signed.

Actual knowledge of the plaintiff's defective hearing on the part of the agent was constructive notice of it to his principal, and, hence, the latter is deemed to have waived the objection that the deafness of the former was a bodily infirmity, notwithstanding the fact that it was provided in the policy that the agents of the company should have no power to waive its conditions. *Hornthal* v. *Insurance Company*, 88 N. C., 73; *Dupree* v. *Insurance Company*, 93 N. C., 240; *ibid.*, 92 N. C., 422; *Collins* v. *Insurance Company*, 79 N. C., 284; *Insurance Company* v. *Wilkerson*, 13 Wall, 222; *Insurance Company* v. *Garfield*, 60 Ill, 124; *Witherill* v. *Insurance Company*, 49 Me., 200; *Insurance Company* v. *McVea*, 8 Lea, 513; Woon on Insurance, § 496: *Morrison* v. *Insurance Company*, 59 Wis., 162; *Shafer* v. *Insurance Company*, 53 Wis., 361; *Insurance Company* v. *Earle*, 33 Mich., 143. ·

An application for insurance constitutes a part of the contract between the insurer and the insured, and the representations contained in it are presumptively inducements to the former to enter into it. But when it appears that an agent, through whom a corporation acts, himself examined and valued, or had opportunity to estimate by examination actually made by him, the value of property insured against fire, or frequently conversed with a man partially deaf, had opportunity to test the extent of his infirmity, and afterwards solicited, or forwarded with favorable recommendation, his application for insurance against accident, the insured will not be absolutely precluded from showing the facts as evidence that the corporation assented to what subsequently appeared to be an over-valuation in the one case; or had knowledge of the defective hearing, and waived objection to the risk on account of it, in the other.

It was material that the jury, in passing upon and finding the facts upon which the liability of the defendant depended, should hear any testimony that would aid them in determining whether the defendant company was induced, or might reasonably have been induced, by the false representation contained in the application, to enter into the contract, when it would not have done so had its agents had full knowledge of the facts. The representation in the application must be, in contemplation of law, falsely and fraudulently made, in order to prevent a recovery in case of loss; but, in the absence of any proof of knowledge of the misrepresentation complained of, or waiver of objection on account of it by the agents of the insurer, a false statement constituting an apparent inducement to the contract will be deemed to have been made with fraudulent intent. *Mace* v. *Insurance Company,* 101 N. C., 133.

The Courts of this country have differed widely as to the admissibility of testimony in cases like that before us. Some have held that parol testimony was not competent in a case to show a waiver of the requirements in the conditions of a policy, or of the warranty arising out of the application, while others have limited the power of agents to waive its requirements, in the face of a prohibitory provision in the policy, to matters not constituting essential and material portions of the contract, such as the stipulations as to proof of loss. There is a very general concurrence, of course, in the view that where the execution of a contract has been procured by the fraud of an agent of the insurer, it may be declared void upon showing the acts of the agent inducing its execution.

This case is distinguishable from that of *Bobbitt* v. *Insurance Co.*, 66 N. C., 70, in that in the latter the plaintiff not only made a false statement, which was an apparent inducement to the defendant to issue the policy, but failed to rebut the presumption of fraudulent purpose by showing any

actual knowledge of the true value of the property on the part of the corporation acting through its agent.

In *Dupree* v. *Insurance Co.*, 93 N. C., 240, Chief Justice SMITH, delivering the opinion of the Court, said: "It was certainly competent to show this source of information possessed by the agency firm, in regard to the property included in both policies when they issued the last, as tending to rebut the charge that it was solely brought about by the fraudulent statements contained in the plaintiff's application." The evidence referred to tended to show that a sub-agent of a general insurance agent had, the year before, inspected the same property for another company for which the general agent was acting, and had issued a policy upon the valuation then declared just by the sub-agent, and the general agent had, the next year, sent the insured the policy sued on, which was issued in the name of another company upon the property destroyed by fire, but based upon the same valuation.

Under the principle laid down, it was equally competent and material to show that Mackey, the agent of the defendant company, knew and could have informed his principal, that the plaintiff was partially deaf, and, from the very nature of the case, could have communicated the extent of the infirmity. Being presumably in possession of the information acquired by its agent, the company is not deemed to have been induced to take the risk by the representation in the application that the plaintiff was not subject to any "bodily infirmity."

The principles announced by this Court in the cases already cited, are supported by reason and sustained by authority. May on Insurance, §§ 131 and 132; 1 Phil. on Ins., § 904.

In *Hornthal* v. *Insurance Co.*, *supra*, the Court say that the policy "was issued and delivered to the plaintiff, with actual knowledge, on the part of the agent, and constructive

knowledge of his principal, and must be deemed to have been done with the full assent to the proposed increase." See, also, *Collins* v. *Insurance Co.*, 79 N. C., 279; *Argall* v. *Insurance Co.*, 84 N. C., 355; *Dupree* v. *Insurance Co.*, 92 N. C., 417. "The powers of the agent are *prima facie* co-extensive with the business entrusted to his care, and will not be narrowed by the limitations not communicated to the person with whom he deals." *Insurance Co.* v. *Wilkinson*, 13 Wallace, 222.

So, in the case of *Cuthbertson* v. *Insurance Co.*, 96 N. C., 480 (cited by the defendant), the insured made a false representation as to the title of the property destroyed by fire, and offered no testimony to trace any actual knowledge of the facts to the defendant, or to rebut the presumption of a fraudulent intent by a waiver.

Justice DAVIS, in *Mace* v. *Insurance Co.*, 101 N. C., 133, says: "A false statement made in the application, when the application constitutes a part of the contract, will render the policy void, an<sup></sup> so will any representation of a material fact by which the company is misled, if falsely and fraudulently made." But where there is a waiver, as in the cases of *Hornthal* v. *Insurance Co.* and *Dupree* v. *Insurance Co.*, *supra*, though the false statement be made in the application itself, it does not mislead, and it cannot be considered an inducement to the contract.

There was error, for which a new trial must be granted.

                                                        Error.