A. L. FOLLETTE v. THE MUTUAL ACCIDENT ASSOCIATION.

*Agency—Insurance.*

Where the local agent of an insurance company has actual knowledge of the falsity of a statement made by the insured in his application, and forwards the application upon which the policy is issued, the knowledge of the agent is the knowledge of the company, and the false statement will not avoid the contract.

CIVIL ACTION, tried at October Term, 1891, of DURHAM Superior Court, before *Winston, J.*

The facts necessary to an understanding of the point decided are stated in the opinion.

The defendant appealed from the judgment rendered.

*Messrs. W. W. Fuller* and *J. Parker*, for plaintiff.
*Mr. J. S. Manning*, for defendant.

AVERY, J.: Though, in some of its features, there are slight differences between the case presented by this appeal and that considered when a new trial was awarded to the plaintiff at September term, 1890 (107 N. C., 240), the main question involved is the same. Under the guise of a second appeal, the defendant company insists that this Court shall review and overrule its former decision, as if it were a rehearing.

There is no branch of the law as to which, in all of its ramifications, there is so much conflict in the rulings of the various courts of appeal, and so great a diversity of opinion amongst respectable text-writers, as that governing the rights and liabilities of insurers.

When the universal custom was that the underwriter sat in his city office and issued policies of insurance, relying solely upon the representations of the applicant for information, whether as to his own physical state or as to the value, condition and surroundings of his buildings, the insurer would have dealt at a great disadvantage with the unreliable class of his customers, if a contract procured by false representations had not been declared fraudulent and void, or if the disregard of stipulations intended to insure the observance of ordinary care in the habits of a person, or the use of a building, had not been held sufficient to defeat a recovery upon the death of the person or the destruction of the property insured. But when, in the new order of things, the active competition between companies brought to every man's door a soliciting agent, furnished with instruction and advised as to his duty by the best trained business men and ablest lawyers in the country, the shrewdest and most unscrupulous of applicants could hope to get no advantage, and the untrained or uneducated among the number labored under a decided disadvantage in answering questions, not always comprehended in all of their bearings, and in receiving subsequently from its chief office, in a distant city, the contract of the company, limiting its own liability and imposing new duties upon the insured by means of conditions never heard of before the issuing of the policy, and often never read, or imperfectly understood afterwards. *Ubi eadam ratio, ibi idem jus.* When custom reverses the position of the parties, it would be strange if the law should undergo no modification.

The local agent of the defendant company testifies that, with a knowledge of the deafness of the plaintiff, he filled

out his application for an accident policy, signed his own name on the back of it, and forwarded it to the principal office in New York. The policy came in due course of time and was delivered to the plaintiff, who paid all of the premiums assessed against him, until he was so seriously wounded in his arm by the accidental discharge of a gun, in the hands of a friend, as to make amputation necessary. The company took a receipt by way of compromise, which, under the findings of the jury, is not evidence of payment, and, as there was no exception to the rulings or charge involving the question of payment or satisfaction, we are brought to the consideration of the leading point. In the application for membership is the following paragraph:

"I have never had, nor am I subject to, fits, disorders of the brain, * * * or any bodily or mental infirmity, except had an attack of rheumatism six years ago."

The defendant now contends that the representation by the plaintiff that he was free from bodily infirmity was false and fraudulent, and constituted a material inducement to the defendant to issue the policy. Ordinarily, the defendant could avoid the performance of the contract by showing the falsity of a material statement in the application. But the plaintiff, where representations contained in the application are admitted to be untrue, may rebut the presumption of fraudulent intent arising from such admission by showing that the local agent of the company, with full knowledge of the falsity of the statement, entered the answers of the insured and forwarded the application, approved by his own endorsement. We cannot give the sanction of this Court to the doctrine that a local agent may scream into the ear of a deaf person solicitations to apply for an accident policy, write for him an answer, which he knows at the time to be untrue, to a question in the application, procure the policy, receive the premiums as they fall due, and when the insured becomes prostrate from a wound, stand aside at the bidding

of the principal and allow it, with the premiums in its coffers, to avoid the contract on account of a statement known by the agent to be false when he prepared it for the applicant's signature. The reason which induced the Courts to guard the underwriter against misrepresentations as to facts within the peculiar or exclusive knowledge of applicants no longer exists, when the agent of the insurer, on the ground, has as full knowledge of the truth or falsity of an application prepared by him as has the insured. *Cessante ratione, cessat et ipsa lex.* Where the local agent of a company has actual knowledge of the falsity of an answer to a question in the application which he writes for the insured, the knowledge of the agent will be imputed to the company, and it will not be allowed to avoid the contract on the ground of false warranty. 1 Am. & Eug. Enc., 333; 1 May on Ins., §§ 140–143; 2 *Ibid*, §§ 497–501; *Dupree* v. *Ins. Co.*, 92 N. C., 417; *Ibid*, 93 N. C., 240; *Hornthal* v. *Ins. Co.*, 88 N. C., 73; *Fishbeck* v. *Ins. Co.*, 54 Cal., 422; *Eggleston* v. *Ins. Co.*, 65 Iowa, 308; *Ins. Co.* v. *Fish*, 71 Ill., 620; *Mullen* v. *Ins. Co.*, 58 Vt., 113; *Shaffer* v. *Ins. Co.*, 53 Wis., 361; *Ins. Co.* v. *McCrea*, 8 Lea (Tenn.), 513.

It is not material whether we say that the conduct of the local agent amounts to a waiver or works an estoppel on the insurer, as the authorities are in conflict upon the point. 1 May, *supra*, § 143; 2 *Ibid*, § 498. Certain, it is, that in such cases the knowledge of the agent is imputed to the principal, and "to deliver a policy with a full knowledge of facts, upon which its validity may be disputed, and then insist upon those facts as a ground of avoidance, is to attempt a fraud." 2 May, *supra*, § 497. The agent necessarily discovered, while negotiating with the plaintiff, that the latter was deaf; and it would be as unreasonable to presume that both the agent and the applicant intended to affirm that to be true which they knew to be false, as that such a patent defect as the loss of an eye in a horse did not exist. *Leslie* v.

*Ins. Co.*, 5 T. & C. (N. Y.), 193; *Ins. Co.* v. *Mahone*, 21 Wallace,
152; *Brown* v. *Gray*, 6 Jo., 103; *Fields* v. *Rouse*, 3 Jones, 72.

We do not propose to go behind the verdict and the instruction upon which it was founded, and avoid the reaffirmation of the principles announced on the former hearing of this case by determining what is a bodily infirmity, since, conceding deafness to come under such designation, we think that there was no error in the rulings of the Court below. As already intima'ed, it is immaterial whether we declare that the agent by his conduct waived objection to the inaccurate statement, or that by writing it down, or having full knowledge of the real truth of the matter, his conduct operated to estop the company, since, in view of what occurred, when the application was made out, and before, the avoidance of liability under the contract, because of the infirmity known by the agent to exist, would be fraudulent and unjust. There is no error.

Affirmed.