B. W. BERGERON v. THE PAMLICO INSURANCE AND BANKING COMPANY.

*Agency—Burden of Proof—Insurance—Waiver.*

1. If an agent of an insurance company employs a clerk in the usual business of the company, and permits him also to solicit business, the company is bound by any waiver, by such clerk, of any stipulation in the policy which the agent could have made, notwithstanding a provision in the policy that no persons should be deemed its agents except those holding its commission as such.

2. While the burden of proving a waiver of conditions in a contract of insurance is upon the insured, it is sufficient if he do so by a preponderance of testimony.

3. A policy of insurance contained a stipulation that, if the insured building was located upon "leased ground," it must be so represented to the company and expressed in the contract. The clerk of the agent of the company solicited the insurance, and was notified that the building was on leased premises, and was requested to state that fact, if necessary, in the policy, to which the clerk replied that it made no difference whether such was the fact, and issued the policy without any reference to it: *Held*, That this was a waiver of the condition, and the company was bound by it.

This was a CIVIL ACTION, tried at the Fall Term, 1891, of the Superior Court of BEAUFORT County, before *Brown, J.*

One W. P. Baugham had been constituted agent of the defendant at Washington, N. C. There was evidence tending to show that one Bragaw was employed as clerk in the

office of Baugham and to solicit insurance, and that he did solicit the plaintiff to insure his house, which has been burned, and the loss of which gives rise to this action.

It was also in evidence that while he was soliciting the insurance, the plaintiff told Bragaw that the house belonged to him but was located on leased land, and was told by Bragaw that it made no difference whether such was the fact or not, and further, that plaintiff told Bragaw, if it was necessary to do so, to be sure and state upon the policy that the house was located on leased land. After this conversation, according to the testimony offered for the plaintiff, premium was paid and Bragaw brought back a policy to which he had signed the name of W. P. Baugham. About a week after Baugham went to plaintiff's place of business, asked for the policy and erased the signature of his own name by Bragaw, but wrote his proper signature below that erased.

There was testimony offered by defendant tending to show that Bragaw did not solicit plaintiff to insure, but it was not denied that Bragaw was employed as clerk to solicit insurance and receive premiums.

The Court instructed the jury that if they believed, from the testimony, that Bragaw was notified, while soliciting the plaintiff, that the house was on leased land, and replied that it made no difference, then the jury should find in response to the first issue that the company had notice, when the policy was issued, that the house was on leased ground. The defendant excepted to this, and to the further instruction that the burden was on the plaintiff to prove by a preponderance of testimony that the notice was given to Bragaw, while as authorized clerk of Bragaw soliciting insurance for the defendant company. One of the provisions of the policy was as follows: " If the interest in property to be insured be a leasehold, rented, mortgaged or undivided partnership interest, or a building standing on leased ground, or interest not absolute, it must be also represented to the com-

pany and expressed in the policy in writing; otherwise the insurance shall be void. Policies insuring lessee's interest must so state, and shall be construed to cover only the market value of the lease (at the time of the fire) for its unexpired term."

*Messrs. J. H. Small* and *W. B. Rodman, Jr.* (by brief), for plaintiff.

*Mr. C. F. Warren,* for defendant.

AVERY, J.—having stated the case as above, proceeded: When the assured is guilty of no misrepresentation, wilful concealment or fraud, insurance companies are not allowed, after selecting and sending out agents to solicit business for the benefit of the corporation and receiving the premiums collected by them from the customer, to saddle upon him the blunders of such agents and make him pay the penalty by forfeiting his right of recovery. 1 May on Ins., § 131. " Facts material to the risk, made known to the agent (or a sub-agent entrusted with the business) before the policy is issued, are constructively known to the company, and cannot be set up to defeat a recovery on the policy." May, *supra,* § 132; *Bennett* v. *Insurance Co* , 70 Iowa, 600.

The principle has been more than once announced by this Court, that where a soliciting agent is informed, before the policy is issued, of a fact, which, if fraudulently concealed by the applicant, would constitute a ground of forfeiture under one of its conditions, and afterwards receives the premium and delivers the policy, his knowledge is imputed to his principal, and, whether he actually communicates the fact to the principal office of the company or not, the condition is deemed to have been waived. *Dupree* v. *Insurance Co.,* 93 N. C., 240; *Ibid,* 92 N. C., 422; *Hornthal* v. *Insurance Co.,* 88 N. C., 73; *Follette* v. *Insurance Co.,* 107 N. C., 240; *Ibid,* 110 N. C., 377. These rulings rest upon the principle, that to

permit the insurer to gather into its coffers premiums collected by one of its local agents and continue to recognize the validity of the contract made through him till it becomes apparent that a loss has occurred, and then, for the first time, to repudiate the agency, would be to lend the sanction of the law to a palpable fraud.   But it is contended for the company that this Court has never recognized the right of a mere clerk in the office of a general or local agent, by any act or omission on his part, to waive the enforcement of a forfeiture under the terms of a condition in a policy of insurance.  The questions raised in the cases heretofore considered by this Court have been how far the right of the insurer to insist upon a forfeiture under a condition in a policy, or for a material misrepresentation contained in the application, can be waived by conduct of an agent or subagent which induces the assured to spend money upon the risk in the reasonable belief that the enforcement of such condition or stipulation will not be insisted upon.   *Grubbs* v. *Insurance Co.*, 108 N. C., 472; *Dupree, Hornthal* and *Follette* cases, *supra*.   But the principle decided in all of these cases applies with equal force when the agent sends out (instead of a subagent) a clerk in his office who induces the assured to pay premiums by statements inconsistent with the enforcement of a condition in the policy, or where he has full knowledge of the falsity of a stipulation in the application.   The rule is, that in both classes of cases the knowledge of the agent is properly imputed to the principal, because to allow such agent (or clerk) to take the premiums paid by the insured, turn them into the treasury of the company, and deliver, in consideration of the money paid, a policy of insurance, with a knowledge of facts upon which its validity may be disputed, and then insist upon those facts as a ground of avoidance, is to protect the principal in the practice of a palpable fraud. 2 May, *supra*, § 497, and notes.

In our case, the clerk Bragaw solicited insurance, and being informed by the plaintiff, Bergeron, that the building was on leased ground, told him that it made no difference whether it was on leased ground or not, and thereupon Bergeron paid the premium, still insisting that if Bragaw should find it was necessary to state the fact communicated, he should endorse it upon the policy. Bragaw delivered the policy the same day without endorsement, and a week later Baugham, who presumptively had knowledge of every statement made by his subordinate which was reasonably calculated to induce the insured to pay his money for the premium, went to Bergeron's place of business and told him, not that Bragaw was unauthorized to solicit and receive premiums, but in effect only that he had no power of attorney to sign his name as General Agent of the company and thereby bind it. Baugham made no proposition to return the premium procured by the representation which was in conflict with a condition of the policy. When a company uses the talent and address of any man to solicit and obtain premiums, it is but just, if it claims the benefit derived from his misleading statements, that it should be estopped from denying that they were true or authorized by it.

In the case of *Arff* v. *Insurance Co.*, 125 N. Y., 57, the Court of Appeals of that State held that, notwithstanding a provision in a policy of insurance that no persons should be deemed its agents except such as hold its commissions, an ordinary agent of a fire insurance company had the power to employ clerks necessary to discharge the usual business of the agency, and "that any waiver which the agent himself could make is to be attributed to him when made by his clerk." In that case there was also a condition requiring the assured to notify the company of any other insurance upon the property, and that notice was given to the clerk employed by the agent to solicit insurance, see also *Bordine*

111—4

v. *Insurance Co.*, 57 N. Y., 117; *Kaney* v. *Insurance Co.*, 36 Hun., 66; *Chase* v. *Insurance Co.*, 14 Hun., 456. In *Bennett* v. *Insurance Co.*, *supra*, it was held that the knowledge of a clerk of the agent who was sent by him to solicit insurance and take an application, that there was other insurance upon the property, bound the company as fully as if the agent, the master of the clerk, had had the same knowledge.

This is not an action brought to correct a mistake in a deed or written agreement, but, on the contrary, the plaintiff's right of recovery depends upon its enforcement. If Bergeron and the builder who constructed his house had entered into an agreement under seal and signed by both, by the terms of which the builder stipulated to forfeit his right to an unpaid balance, as liquidated damages, if the house should not be completed before a certain day, a suit brought for the balance under the contract would not be deemed an equitable proceeding to correct a mistake in a written instrument, because Bergeron had set up the stipulation in avoidance of the contract, and the builder had replied setting up certain acts amounting to a waiver of the enforcement of the stipulation. Where the relief sought in the action is the correction of a deed on the ground of mutual mistake, mistake of one of the parties and fraud on the part of the other, or mistake of the draughtsman in drawing an absolute deed, when it was the intention of the parties that it should be a mortgage or deed of trust, or the setting up of a lost deed or of a resulting trust arising from an agreement to buy for another— in all these cases, such allegations of the party seeking the relief as are necessary to show his right to it must be clearly proved. *Harding* v. *Long*, 103 N. C., 1; *Loftin* v. *Loftin*, 96 N. C., 94; *Ely* v. *Early*, 94 N. C., 1. It is also settled that a deed absolute upon its face cannot be corrected so as to convert it into a trust without some facts *dehors* the deed inconsistent with the idea of absolute ownership, as well as upon full and convincing proof. *Hemphill* v. *Hemphill*, 99 N. C., 436; Pome-

roy Eq., § 859. On the other hand, where the relief demanded is that a deed shall be declared void because its execution was procured by false and fraudulent representations, or undue influence, or that it was executed with intent to hinder, delay or defeat the recovery of creditors, the allegations material to establish the fraud must be proved to the satisfaction of the jury, or so as to produce belief in its truth. *Lee* v. *Pearce*, 68 N. C., 77; *Harding* v. *Long, supra ;* Bump. on F. Convey., 562 and 563; Kerr on Fraud and M., 382 and 384.

In the case at bar the plaintiff brought his action upon the policy, alleging the loss by fire, which made the defendant company liable by its terms. The defendant company, in its answer, set up the defense that the building insured was built upon leased land, and that the failure to note that fact upon the policy was fatal to the plaintiff's demand. The plaintiff replied, setting up the alleged conversation between himself and Bragaw, the clerk, before the policy was delivered, as a waiver of the condition relied upon by the defendant. The plaintiff set out specially the facts relied upon on his part to show the waiver of that condition. The jury have found, in effect, under the instructions of the Court, that the conversation was as stated by the plaintiff, and whether, therefore, such conduct of the agent is an estoppel *in pais* or a waiver, it is distinctly pleaded in the reply and proved on the trial by a preponderance of testimony. It was set up as amounting to a waiver, and though it would be giving the sanction of the Court to a fraudulent practice, to allow a company to take shelter under the condition, when its agent had induced the payment of the premium by the representation that its enforcement would not be insisted on, still it was no more necessary to allege that the conduct of Bragaw was fraudulent, than it would be in the case of the contract for building a house, which we have mentioned, or where any other facts

are set up in a pleading as a waiver of the right to insist upon a penalty or forfeiture under the terms of a contract. Grubb case, *supra.*

Where an agent of an insurance company induces the assured to incur expense in making proofs of loss, such conduct has been declared to be a waiver of the right of the company to insist upon a forfeiture for failure to enter additional insurance on the policy. Grubb case, *supra ; Dibbrell* v. *Insurance Co.*, 110 N. C., 193. Indeed, acts of agents of insurers, done in the line of duty and inconsistent with the enforcement of a forfeiture under a policy, are, as a general rule, waivers of the right to insist upon such penalties; but the burden is on the plaintiff in such cases to show facts constituting a waiver under the rule usually obtaining in civil actions by a preponderance of testimony only. *Non constat* that the agent acted with any fraudulent intent, for his honest purpose may be, in such cases, to waive the rights of the company, and the plaintiff has a right to assume that he understood the legal consequences of his acts and intended they should follow. The plaintiff need not allege fraud in terms, because it would be fraudulent in the company to exact a forfeiture from him, when the conduct of its agent has induced him to pay money into its treasury by statements inconsistent with the idea of insisting upon its enforcement. If the insurer ratifies the act of its agent by admitting notice of facts known to its agent, or of representations made by him to induce the assured to enter into the contract, then no fraud is attempted, much less perpetrated. When the insurer, in an answer, insists upon the forfeiture in the face of such conduct on the part of its agent, while it would be unjust and inequitable to sustain such a defense as sufficient, it is not essential for the plaintiff to allege and prove that the intent of the agent was to defraud. His honest purpose may have been to waive the condition as a matter of minor importance, and the purpose subsequently conceived by his principal of repudiating

his acts in so far as they operated to the detriment of the company, and of ratifying, at the same time, the receipt of money by him, which went into its treasury, is an intent, if permitted by law, to avoid the contract upon inequitable grounds, but the issue of fact raised by such a defense, and the reply to it, involved no question whether the policy shall be amended, altered or corrected. Both parties propose to leave it standing intact as the agreement between the parties, but one insists that the enforcement of one of its provisions has been waived.

After a careful scrutiny of the authorities relied on to sustain the exceptions to the ruling of the Court below, we think that there is o error.

Affirmed.