CONNOR and WALKER, JJ., dissenting.
The defendant company received at Greensboro, on Sunday afternoon, the 15th of November, 1901, a carload of bananas from Baltimore consigned to the Greensboro National Bank, "To order. Notify Z. V. Clegg." Clegg was notified by the bank of the arrival of the goods, and on the 16th, 17th and 18th of November demanded of the freight agent of the defendant at Greensboro the delivery to him of the same. A dispute over the amount of the carriage due upon the shipment having arisen the fruit was not delivered, and before the plaintiff got possession of it it was greatly injured by a spell of freezing weather, by which a loss was inflicted on the plaintiff. The defendant deducted from the freight charges the excess as contended for by the plaintiff, the same being erroneous. The amount demanded by (149) defendant as dues for carriage was $148. The amount offered by the plaintiff was $106, which amount was afterwards found to be the amount due. The defendant introduced no evidence. The plaintiff had not received from the bank a transfer of the bill of lading at the several times when he made the demands for the delivery of the fruit and did not receive it until the 18th of the month. If the defendant had refused to deliver the goods because the plaintiff had not received from the bank the assignment or transfer of the bill of lading, or partly for that reason, the defendant's contention, to wit, that the plaintiff had no right to make the *Page 106 
demand for the goods until he presented the bill of lading would rest on a solid foundation. But it is clear, from the evidence of the plaintiff, that the defendant made no point over the bill of lading not having been presented by the plaintiff, but rested its refusal on the ground that the plaintiff refused to pay the carriage due. The plaintiff testified that nothing was said to him by the freight agent as to his right to receive the bananas, and that nothing was said about that matter until after they had corrected the freight charges when he was told that he would have to get an order from the bank. The defendant having at the times of the several demands assigned no other reason for refusing to deliver the goods than the refusal of the plaintiff to pay an excessive charge for carriage, ought not to be allowed to defeat the plaintiff's right to recover the amount of his loss on the ground that he did not present the bill of lading or any other order from the bank, an objection not under consideration, and not thought of. R. R. v. McGuire, 79 Ala. 395. He was treated by the company as if he was the consignee; and in this connection it is significant that the plaintiff in his testimony said he had gotten the figures on the freight from the agent of the defendant in Greensboro before he bought the fruit. So far as it appears from the (150) evidence, the defendant would not have delivered the goods even if the plaintiff had presented the order from the bank. The defendant's purpose was to collect the bill for the freight, and not so much to see that the plaintiff paid the consignor for the bananas. It was contended for the defendant that the plaintiff should have paid the excess of carriage, received his goods and then sued the defendant for that excess. That was one of his remedies, but he was not compelled to take that course. He might not have had the money with which to pay the excess of carriage; but, if he had, the defendant by its wrongful course could not compel the plaintiff to pay a greater amount than was due. Such a demand would place the law-abiding at the mercy of its violators, The plaintiff recovered from the defendant the difference between the amount of sales of the injured fruit as made by the plaintiff and its value when it was received at Greensboro.
Affirmed.