### V. B. SHORT v. LAFAYETTE LIFE INSURANCE COMPANY.

(Filed 7 December, 1927.)

**Insurance, Life—Principal and Agent—Policies—Application—Representations—"Good Health"—Fraud—Collusion.**

Where the application for a policy of life insurance has been signed in blank, and delivered to the agent of the insurer, with the information that the insured had not been well, and the agent agreed that an examination by a physician need not be made, and the policy has been issued, at the death of the insured the policy may not be avoided on the ground that the application had falsely stated that the insured was then in good health, when no fraud or collusion is shown against the insurer by the agent or the insured, the act of the agent in so doing being within the scope of his employment.

APPEAL by defendant from *Townsend, Special Judge,* at May Term, 1927, of GASTON. No error.

The following verdict was returned:

1. Did the insured falsely represent the condition of her health in her application upon which the policy of insurance was issued? Answer: No.

2. Did the defendant issue and deliver said policy of insurance with the knowledge of the condition of insured's health? Answer: Yes.

3. In what amount, if any, is defendant indebted to the plaintiff? Answer: $498 with interest.

*Bismark Capps for plaintiff.*
*Ernest R. Warren and Mangum & Denny for defendant.*

ADAMS, J. This is an action for the recovery of the amount alleged to be due on a policy of life insurance. The insured was Effie Short; the beneficiary is the plaintiff, her surviving husband. The defense interposed was predicated upon false representations said to have been made by the insured in her application for the policy. According to the application she was in good health and had not recently been sick. The plaintiff admitted that the insured had not been well, but he testi-

fied that he gave this information to the defendant's agent; that the application was signed in blank, and that the agent agreed to write the policy without a physician's examination. The pleadings and the testimony presented issues of fact which were submitted to the jury and answered against the defendant.

The exceptions on which the appellant relies relate to the denial of his motion for nonsuit and to an instruction given the jury. The testimony of the witnesses was conflicting, and that which was offered by the plaintiff was sufficient to sustain the verdict; for this reason the motion to dismiss the action could not properly have been granted. *Rush v. McPherson,* 176 N. C., 562; *Lindsay v. Lumber Co.,* 189 N. C., 118.

The instruction complained of was as follows: "Upon that second issue, I charge you that the knowledge of the agent would be the knowledge of the company unless you find that the agent, with the knowledge and consent of the insured in this case, was attempting to practice fraud upon the company. The knowledge of the agent, if there was no attempt to practice fraud, would be under the law the knowledge of the company."

There was evidence that the agent knew of the ill health of the insured when the application was taken; the agent's knowledge will therefore be imputed to the company and prevent it from avoiding the contract on the ground of false warranty. This position is approved in *Insurance Co. v. Grady,* 185 N. C., 348, 353: "Another principle recognized in this jurisdiction and pertinent to the inquiry is that, in the absence of fraud or collusion between the insured and the agent, the knowledge of the agent when acting within the scope of the powers entrusted to him will be imputed to the company, though a direct stipulation to the contrary appears in the policy or the application for the same. *Gardner v. Ins. Co.,* 163 N. C., 367; *Fishblate v. Fidelity Co.,* 140 N. C., 589; *Grabbs v. Ins. Co.,* 125 N. C., 389; *Follette v. Accident Assn.,* 110 N. C., 378; *Connecticut Indemnity Assn. v. Grogan's Admr.,* 52 S. W., 959; *McElroy v. British American Assur. Co.,* 94 Fed., 990; *Northwestern Life Assur. v. Findley et al.,* 68 S. W., 695; *Germaine Life Ins. Co. v. Koehler,* 63 Ind. App., 188."

The following additional authorities may be consulted: *Collins v. Casualty Co.,* 172 N. C., 543; *Robinson v. B. of L. F. & E.,* 170 N. C., 545; *Horton v. Ins. Co.,* 122 N. C., 498; *Bergeron v. Ins. Co.,* 111 N. C., 45.

No error.