T. M. MARSH, EXECUTOR OF ESKER CANTER, v. DURHAM LIFE
INSURANCE COMPANY.

(Filed 20 August, 1930.)

**Insurance K a—Knowledge of agent of physical condition of applicant is imputed to insurer.**

> Knowledge of the agent writing a policy of life insurance of the physical condition of the applicant is imputed to the insurer and the insurer may not avoid the policy upon the ground of false representations in regard thereto.

CIVIL ACTION, before *Sink, Special Judge,* at January Special Term, 1930, of SURRY.

The plaintiff instituted an action for the recovery of $770, which he alleged was due to the estate of his intestate by virtue of a policy of life insurance issued by the defendant.

The following issues were submitted to the jury:

1. "Did the insured falsely and fraudulently represent that he was in good health and had not been afflicted as alleged in the answer?"

2. "Did the defendant, with knowledge of insured's condition and such affliction issue and deliver the policy sued on?"

3. "What amount, if any, is defendant indebted to plaintiff?"

The jury answered the first issue "No," the second issue "Yes," and the third issue "$770, with interest."

The defendant offered evidence that plaintiff's intestate had undergone an operation in which one of his kidneys had been removed several years prior to the application for the policy of insurance sued on. The application stated that plaintiff's intestate had never been attended by a physician. The plaintiff, however, offered testimony to the effect that the agent of defendant who took the application, knew of the physical condition of plaintiff's intestate at the time the application was signed. The agent testified that he talked with the superintendent about writing the policy because he had heard that the health of the insured was not good and that the superintendent had instructed him to write the policy if he knew of no physical defects.

From judgment for plaintiff defendant appealed.

*Folger & Folger for plaintiff.*

*E. C. Bivens for defendant.*

PER CURIAM. The knowledge of an insurance agent, who procures an application for insurance, that at the time the applicant is in ill health, is imputed to the company, and such knowledge will prevent the company from avoiding the contract on the ground of false warranty. *Short v. Insurance Co.,* 194 N. C., 649, 140 S. E., 302; *Insurance Co. v.*

*Grady,* 185 N. C., 348, 117 S. E., 289. Therefore, evidence as to the knowledge of the agent writing the application, as to the physical condition of applicant was competent. The pertinent principle of law was thus declared in *Follette v. Accident Asso.,* 107 N. C., 240, 12 S. E., 370: "Actual knowledge of the plaintiff's defective hearing on the part of the agent was constructive notice of it to his principal, and, hence, the latter is deemed to have waived the objection that the deafness of the former was a bodily infirmity, notwithstanding the fact that it was provided in the policy that the agents of the company should have no power to waive its conditions."

Hence the answer of the jury to the second issue entitles the plaintiff to recover.

No error.