W. H. LAUGHINGHOUSE AND HOOD SYSTEM INDUSTRIAL BANK v.
GREAT NATIONAL INSURANCE COMPANY.

(Filed 11 March, 1931.)

**1. Insurance J d——Mere assignment of debt does not violate stipulation in policy against further encumbrance of property.**

A seller of an automobile retaining title to secure a note given for the balance of the purchase price assigned the note it secured to another who received from the purchaser a renewal note in a smaller amount extending the time of payment and retaining the original papers as collateral, *Held:* the transaction did not increase the risk of the insurer of the automobile or release it from liability upon the destruction of the automobile by fire, and defendant's motion as of nonsuit upon the evidence of the plaintiff was improvidently allowed.

**2. Insurance K a——Evidence of knowledge of local agent, constituting waiver of provision of policy, should have been submitted to jury.**

In the absence of fraud and collusion between the insured and the local agent of the insurer, knowledge of the local agent will be imputed to the insurer, and where the insurer seeks to escape liability for a fire loss covered by the policy on the ground that other insurance, taken out on the subject-matter of the policy, was in effect and that the policy sued on provided that the insurer would not be liable if the property insured was covered by other insurance, evidence that the agent of the insurer had examined the other policy of insurance and declared that it was void, and had issued the policy sued on with this understanding, is sufficient evidence of waiver of the provision of the policy relating thereto, and the issue as to whether the other insurance was in effect and whether if in effect the insurer had waived the provision in its policy relating thereto, should be submitted to the jury.

**3. Estoppel C e——Usually waiver or estoppel must be pleaded, but in this case allegations were sufficient to warrant submission of issue.**

As a general rule waiver of estoppel must be pleaded, but in this case *Held:* the pleadings were not too indefinite to warrant the submission of the issue to the jury.

APPEAL by plaintiffs from *Sinclair, J.,* at September Term, 1930, of PITT, dismissing the action as in case of nonsuit. New trial.

On 28 April, 1928, W. M. Laughinghouse, one of the plaintiffs, bought an automobile from the Pitt Chevrolet Company, to whom he executed a conditional sales contract to secure a deferred payment of $367.65, payable six months after date. On the same day the General Exchange Insurance Corporation issued to him a policy of insurance to protect the car against loss or damage by fire, which was to be effective for a period of one year. He reduced the deferred payment to $209, and on 24 November, 1928, executed and delivered to the Pitt Chevrolet Company a note for $209, which was to become due on 24 February,

N. C.]              SPRING TERM, 1931.                    435

LAUGHINGHOUSE v. INSURANCE CO.

1929. The note was endorsed by the Pitt Chevrolet Company and J. Knott Proctor, its secretary and treasurer, and together with the conditional sales contract was transferred to the Hood System Industrial Bank. On 5 November, 1929, W. M. Laughinghouse executed and delivered to this bank a renewal note in the sum of $200, payable 9 May, 1930, which was an extension of the note dated 24 November, 1928. It was endorsed by J. Knott Proctor. The parties agreed that the former note and all rights growing out of it should be held as security for the latter.

The defendant, through J. B. Oakley, its agent, on 2 April, 1929, issued and delivered to W. M. Laughinghouse a policy insuring the car against the perils of fire, and on 11 April, 1929, the car was burned.

The plaintiffs furnished proof of loss and afterwards brought suit on the policy issued by the defendant. Liability was denied on the ground that the policy issued by the General Exchange Insurance Corporation was still in force and that the defendant by reason of a provision in its policy was not bound. At the close of the evidence the court dismissed the action and the plaintiffs excepted and appealed.

*Harding & Lee for plaintiffs.*
*Kenneth C. Royall and Andrew C. McIntosh for defendant.*

ADAMS, J. The policy issued by the General Exchange Insurance Corporation purports in express terms to be effective from noon, 28 April, 1928, to noon, 28 April, 1929. The car was burned 11 April, 1929. The policy, issued by the defendant on 2 April, 1929, contains this provision: "No recovery shall be had under section 1 of the schedule of perils if at the time a loss occurs thereunder there be any other insurance covering such loss, which would attach if this insurance had not been effected." Both policies cover loss by fire and lightning.

The appeal, therefore, presents the question whether at the time the loss occurred the policy issued by the General Exchange Insurance Corporation was in effect. The appellants say in the first place, that it was void by reason of the transfer to the Hood System Industrial Bank of the lien on the car, no notice of the lien having been endorsed on the policy. The defendant contends that the policy should not be declared of no effect on this ground. The existence of a lien in favor of the dealer or its assignees is acknowledged in the policy. The Pitt Chevrolet Company is the dealer and, apparently, the Hood System Industrial Bank is the dealer's assignee. The note executed to the bank is described as the "extension of a note executed by W. M. Laughinghouse and endorsed by the Pitt Chevrolet Company and J. Knott Proctor on 24 November, 1928." We do not perceive how the mere renewal or "extension"

of the note either increased the risk or diminished the security. As a rule the renewal of a security does not work the forfeiture of a policy which contains a condition against encumbrances. In *Bowles v. Phœnix Ins. Co.,* 20 L. R. A., 400, it is said: "As the debt is unchanged the risk of the insurer is not augmented. The reason for the rule that the creation of an encumbrance in violation of the terms of the policy works a forfeiture has been thus stated: 'It (the rule) goes upon the theory of an increased risk by reason of encumbrances. If a man may encumber his property to its full value and then insure it to its full value, it may be easily seen how it may be turned into a source of profit. *Brown v. Commercial Mut. Ins. Co.,* 41 Pa., 187.' "

It is also contended by the appellants that the defendant waived the provision of the policy sued on respecting other insurance and that the defendant is therefore estopped to say that the appellants have forfeited their right to compensation. This position is based upon evidence tending to show that W. M. Laughinghouse exhibited to the defendant's agent the policy issued by the General Exchange Insurance Corporation and said he had been informed by J. Knott Proctor that the policy was not in effect; that the defendant's agent had an opportunity to examine it; and that he took from it the description of the property insured by the policy in suit. It is held that in the absence of fraud or collusion between the insured and the agent the knowledge of the agent, when acting within the scope of the powers intrusted to him, will be imputed to the company, though the policy contains a stipulation to the contrary. *Short v. LaFayette Ins. Co.,* 194 N. C., 649; *Ins. Co. v. Grady,* 185 N. C., 348.

As we understand the record, the question whether the policy issued by the General Exchange Insurance Corporation is valid should be determined by the jury upon consideration of the evidence and if it is valid the question of waiver should likewise be submitted to the jury. It is insisted that estoppel or waiver must be pleaded, and as a rule this is true. *Mfg. Co. v. Assurance Co.,* 110 N. C., 176; *Clegg v. R. R.,* 135 N. C., 148, 154; *Modlin v. Ins. Co.,* 151 N. C., 35; *Shuford v. Ins. Co.,* 167 N. C., 547. But we are not prepared to say that the plaintiff's allegations are too indefinite to justify the submission of an issue on this question.

In dismissing the action there is error for which a new trial must be awarded.

New trial.