MATTIE M. HICKS, INFANT, BY HER NEXT FRIEND, JAMES W. MITCHELL, v. HOME SECURITY LIFE INSURANCE COMPANY.

(Filed 30 October, 1946.)

**1. Insurance § 31c—**

Stipulations in a policy of life insurance that insurer should not be deemed to have knowledge of any prior policy issued by it on the life of insured unless a waiver thereof is endorsed on the policy, and that issuance of the policy should not be deemed a waiver of the provision for forfeiture for prior insurance, are ineffectual to preclude a waiver of the forfeiture provision upon a proper showing.

**2. Insurance § 13c—**

Waiver of a forfeiture provision in a policy of insurance is predicated on knowledge on the part of the insurer of the pertinent facts, and conduct thereafter inconsistent with an intention to enforce the condition.

**3. Insurance § 31c—**

The issuance of a second policy, or the continued collection and receipt of premiums thereon, with knowledge on the part of the insurer that insured has another prior policy of the company in force on his life, thus inducing insured to believe the second policy is valid, constitutes a waiver or an estoppel precluding insurer from asserting a forfeiture provision of the second policy on the ground of the existence of the prior policy, and this result obtains regardless of whether the false statement in the application in regard to prior insurance was innocently or fraudulently made.

**4. Same—**

Forfeiture of a policy for misrepresentation is not a penalty imposed upon insured for making a false statement, but is based on the principle that insurer has been misled by the misrepresentation to its damage, and insurer will be held to have waived forfeiture where, after acquiring knowledge of the facts, he fails to cancel the policy or forego further collection of premiums.

**5. Insurance § 31b (1)—**

A representation that applicant is not protected by prior insurance issued by insurer is material, and when the statement is false, insurer is entitled to avoid the second policy unless insurer waives the forfeiture

provision, regardless of whether the misrepresentation is innocently or fraudulently made.

**6. Insurance § 37—**

An issue as to the knowledge of insurer's soliciting agent, submitted upon the theory that such knowledge was imputed to insurer and constituted a waiver of a forfeiture provision of the policy, is correctly submitted and is not objectionable because within itself it does not completely determine the controversy, when the other issues submitted in connection therewith are sufficient for this purpose.

**7. Insurance § 31c—**

Waiver of forfeiture provision in a life policy is a mixed question of law and fact, and when the facts are determined the question becomes one of law.

**8. Insurance § 37—**

Where insurer, in an action on a life policy, makes formal tender of premiums collected by it from date of issuance of policy to the death of insured, and the verdict of the jury establishes knowledge of insurer constituting a waiver of the forfeiture relied on by insurer as a defense, the facts before the court are sufficient to support its judgment awarding recovery on the policy.

APPEAL by defendant from *Carr, J.,* at May Term, 1946, of CRAVEN.

The plaintiff brought her action through a next friend to recover on a policy of insurance on the life of her father in which she is beneficiary. The policy was issued 10 January, 1944, in the sum of $500. It contains the following provision:

"3rd. Limitations. This policy shall be void if there be in force on the life of the Insured a policy or policies previously issued by this Company unless the number of such prior policy or policies is endorsed hereon with a waiver permitting such policy or policies signed by the President, the Secretary or an Assistant Secretary, it being expressly agreed that the Company shall not in the absence of such endorsement be assumed or held to know or to have known of the existence of such prior policy or policies and that the issuance of this policy shall not be deemed a waiver of such last mentioned conditions."

At the time of the issue of this policy, there was in existence a policy on the life of the insured in which his wife, Bertha Hicks, is named as beneficiary, which policy was issued 16 September, 1940, and was concededly in force. The policy in controversy does not have the endorsement provided for in the article above quoted. In the application for the second policy occurs the direction: "17. If now insured in the Company give Policy No..........., Prem..........., Amt..........," to which Hicks responded "No."

The plaintiff's evidence discloses that at the time Hicks took out the second policy, he told the agent, Mr. Capps, from whom it was procured,

that there was another policy on his life in this company in which his estranged, and later divorced, wife was beneficiary, and asked him to have it canceled, which he promised to do. There was evidence by the defendant to the contrary, but in view of the jury verdict, the facts are to be taken as established.

The defendant continued to collect premiums upon both policies down to the death of the insured.

Hicks died 11 February, 1945. The defendant declined to pay the policy, relying upon the above cited condition, and, after action had been begun, tendered a return of premiums paid thereupon in the sum of $23.50.

Numerous objections were taken to the admission of evidence, which we do not find it necessary to note except as stated in the opinion.

The defendant, in apt time, made demurrers to the evidence and moved for judgment as of nonsuit, which demurrers and motions were overruled and exception noted by the defendant.

The verdict was favorable to plaintiff, and from the ensuing judgment thereupon the defendant appealed, assigning as errors matters covered by his exceptions.

*Charles L. Abernethy, Jr., for plaintiff, appellee.*
*R. E. Whitehurst and George B. Riddle, Jr., for defendant, appellant.*

SEAWELL, J. A careful study of the exceptions appearing in the record leads to the conclusion that they do not disclose reversible error. We direct our attention to that phase of the case which is regarded as more important to the disposal of the appeal.

The case properly hinges upon the question of waiver: Whether the facts and circumstances of record, constituting the history of the dealings between the parties, the conduct of the insurer toward the insured, and its attitude toward the policy it issued, works a waiver of the condition which purports to render it void if at the time of its issue there is in force a previously issued policy on the life of the insured in the same company unless a properly signed waiver of the condition is endorsed on the policy.

Involved with this question is the stipulation that in the absence of such endorsement, the company shall not be assumed or held to know of the existence of such prior policy, "and that the issue of this policy shall not be deemed a waiver of such last mentioned conditions." If the conduct of the defendant was such as to mislead the insured and induce in him a belief that he was protected by a valid policy while he continued to pay the premiums—that the condition imposed in the policy had been waived—and this can be established agreeably to the rules of

evidence and standards of practice prevailing in our courts, we have no doubt that the stipulation, intended to foreclose the plea of waiver altogether by binding the insured against the existing facts upon which it arises, would likewise, and for strong reasons of public policy, become ineffectual.

Waiver of the forfeiture provision in a policy of insurance is predicated on knowledge on the part of the insurer of the pertinent facts and conduct thereafter inconsistent with an intention to enforce the condition. In *Coile v. Com. Travelers,* 161 N. C., 104, 76 S. E., 622, quoted in *Paul v. Ins. Co.,* 183 N. C., 159, 162, and in *Arrington v. Ins. Co.,* 193 N. C., 344, it is said: "A course of action on the part of the insurance company which leads the party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract." *Ins. Co. v. Eggleston,* 26 U. S., 577; *Ins. Co. v. Norton,* 96 U. S., 234.

The majority of decided cases adopt the view that where the insurer is affected with knowledge of the existence of the prior policy, either the issue of the second policy or the continued acceptance, with such knowledge, of premiums paid thereupon, will work an estoppel or constitute a waiver of the condition. *Mellick v. Metropolitan L. Ins. Co.,* 84 N. J. L., 437, 87 A., 75 (affirmed in 85 N. J. L., 727, 91 A., 1070); *Western & S. L. Life Ins. Co. v. Oppenheimer* (1907), 31 Ky. L. Rep., 1049, 104 S. W., 721; *McGuire v. Home L. Ins. Co.,* 94 Pa. Super. Ct., 457; *National Life & Acci. Ins. Co. v. House* (1937), 104 Ind. App., 403, 9 N. E. (2d), 133; *Lanigan v. Prudential Ins. Co.,* 18 N. Y. S., 287; *Clay v. Liberty Industrial L. Ins. Co.* (La.), 157 So., 838; *Wills v. Liberty Industrial L. Ins. Co.* (1935—La. App.), 159 So., 141; *Atlas v. Metropolitan L. Ins. Co.,* 181 N. Y. S., 363. What we regard as the best considered cases also hold that, notwithstanding the stipulation to the contrary, knowledge of the prior existing policy may be inferred from the fact that both policies are issued by the same company and upon the same life. Some cases hold that knowledge to the agent soliciting the insurance or receiving the application will not be imputed to the insurer unless the information is given to an agent clothed with authority to make the waiver. The contrary view has been adopted in this State. *Follette v. Accident Association,* 107 N. C., 240, 12 S. E., 370; *S. c.,* 110 N. C., 377; *Dibbrell v. Ins. Co.,* 110 N. C., 193, 14 S. E., 783; *Horton v. Ins. Co.,* 122 N. C., 498, 29 S. E., 944; *Short v. Ins. Co.,* 194 N. C., 649, 650, 140 S. E., 302; *Marsh v. Ins. Co.,* 199 N. C., 341, 154 S. E., 313; *Laughinghouse v. Ins. Co.,* 200 N. C., 434, 436, 157 S. E., 131; *Mahler v. Ins. Co.,* 205 N. C., 692, 172 S. E., 204; *Cox v. Assurance Soc.,* 209 N. C., 778, 185 S. E., 671; *Heilig v. Ins. Co.,* 222 N. C., 231,

233, 22 S. E. (2d), 429. The issue of the second policy, or the continued collection and receipt of premiums thereupon with such knowledge, whereby the insured is induced to believe he is protected by valid insurance will constitute a waiver of the statement in the application, whether innocently or falsely made, that there was no prior insurance on his life in the company. *Monahan v. Mutual L. Ins. Co.,* 103 Md., 145, 63 A., 211; *Clay v. Liberty Industrial Ins. Co., supra.*

Forfeiture of right under the policy is not imposed as a penalty for making a false statement, which the insurer may invoke at his pleasure at any time, regardless of its own antecedent conduct. It is based on the principle that the insurer has been misled to its damage. The insurer is not misled when it knows the facts; and when that knowledge exists or is acquired, it becomes the right and the duty of the insurer either to cancel the policy or forego further collection of premiums. Failure to do either will operate as a waiver. In the instant case, nothing else appearing, the representation is material, of course, as affecting the risk which the insurer is willing to take, and, whether innocently or fraudulently made, would, at the instance of the insurer, avoid the contract. *Assurance Society v. Ashby,* 215 N. C., 280, 1 S. E. (2d), 830. (In the *Ashby case, supra,* the misrepresentation was in regard to the health of the applicant, a matter which was neither presumptively nor actually within the knowledge of the insurer.) But here something else does appear—as in all cases of waiver or estoppel—and that is, the knowledge of the company that the facts are contrary to the representation.

In most cases the representation is practically indistinguishable as a separate factor in a discussion of the subject and is uniformly treated as subject to waiver.

The equities of fair dealing will not permit an insurer knowingly to collect premiums on a void policy, thereby inducing the holder to believe he is protected by valid insurance. While the premiums are punctually paid and cheerfully received, conditions may intervene which will render it impossible to procure any other insurance. One of those conditions is death.

At the risk of consuming valuable space, we venture to quote from some of the cited cases:

In *Clay v. Liberty Industrial Ins. Co., supra,* it was said: "The insurer is presumed to be cognizant of its own records. It collected premiums for fifty weeks without attempting to cancel the policy upon the ground of the prior issue of another policy, and cannot now be allowed to deny validity of the policy upon that ground."

In *Wills v. Liberty Industrial Ins. Co., supra,* it is said with regard to the insurer: "Having accepted these premiums on the second policy, with full notice of the existence of the first, they cannot avoid their obligations under it upon the defense advanced herein. 'The acceptance by

an insurance company with knowledge of facts authorizing a forfeiture or avoidance of the policy, of premiums or assessments which were in no degree earned at the time of such forfeiture or avoidance, constitutes a waiver thereof.' "

In *Monahan v. Mutual L. Ins. Co., supra,* it is said: "If the company, to serve its own purposes, saw fit to adopt an imperfect and incomplete system of recording its policies, whereby its books failed to show what, if prudently and methodically kept, they would have revealed with respect to the names of the insured, it certainly should not be permitted to set up its own ignorance resulting from its own negligence, as a valid reason for the nonapplication of the doctrine of waiver."

Pointedly refusing to give effect to a stipulation, substantially identical with that presented on this appeal, that no knowledge of the existence of the prior policy should be imputed to the company by the issuance of the second, it is said in *McGuire v. Home L. Ins. Co., supra:* "We hold that an insurance company will not be permitted to accept premiums, under a policy which it knows to be void, until the death of the insured, and then seek to avoid responsibility under it by appealing to an equivocal agreement that it shall not be held to. know what it does in fact know. A provision that there shall be no waiver under such circumstances amounts to an attempt .to set aside the wholesome requirement of law that good conscience must prevail in dealings between citizens."

Directed towards the same kind of stipulation, as well as generally to the subject of waiver, in *Cobbs v. Unity Industrial L. Ins. Co.* (1935), La. App., 158 So., 263, where the reasonableness of this provision was urged because the premiums on the policies involved were collected by different agents, the Court said: "No matter how many agents collected the premiums, there was ample opportunity to ascertain the fact that the two policies were in existence."

And in *Atlas v. Metropolitan L. Ins. Co., supra,* where conditions and stipulations in the policy are parallel with those now under consideration, it is said: "Receipt of premiums continuously after the issuing of the policy is . . . on familiar principles, if unexplained, conclusive evidence of a waiver of the condition."

Objection to the issues presented to the jury is not tenable. Both the evidence as to the oral statement made by the applicant to the agent and the issue framed thereupon were directed to the knowledge which might be imputed to the company because of the information given the agent, and the issue is not objectionable because within itself it did not purport to completely determine the controversy.

Waiver is a mixed question of law and fact. When the facts are determined, it becomes a question of law. In the instant case, upon an issue directed to that question, the jury found that the insurer had knowledge of the existence of the prior policy at the time it issued the second policy.

The formal tender in court of all the premiums collected upon the policy from the time of its issue to the time of the death of the insured is sufficient admission that they were duly collected and received. The court had all the facts before it which were necessary to justify and support the judgment. We find

No error.