LEXINGTON GROCERY COMPANY v. F. S. VERNOY.

(Filed 25 November, 1914.)

1. **Contracts, Breach of—Issues.**
> In an action to recover damages arising from a breach of warranty, two issues should be submitted to the jury: one relating to the warranty and the other to the damages.

2. **Contracts—Sale of Goods by Name—Implied Warranty—Trials—Evidence.**
> There is an implied warranty in the sale of goods under a certain name indicating kind or quality, that they shall be merchantable and salable as the name implies. whether the defect may be hidden or might possibly be discovered by inspection; and in an action upon the implied warranty in the sale of a car-load of red-marrow beans, there being evidence tending to show that beans by this name are readily salable for table use exclusively, cook easily, and will not keep over summer without rotting, it is competent for the plaintiff to show, by his evidence, that the beans in question could not be cooked soft so as to be edible, remained hard for several years, contrary to the characteristics of the beans of the kind purchased.

CLARK, C. J., dissenting.

APPEAL by defendant from *Devin, J.,* at Fall Term, 1914, of DAVIDSON.

Civil action tried upon this issue:

Is defendant indebted to the plaintiff, and if so, in what amount? Answer: "Yes; $350."

From the judgment rendered, defendant appealed.

*Emery E. Raper, McCrary & McCrary for plaintiff.*
*L. M. Swink, Walser & Walser for defendant.*

BROWN, J. We do not altogether approve of the form of the issue in this case, although it is not excepted to. The action is brought to recover

damages for a breach of warranty in the sale of a lot of red-marrow beans. In such cases it is better to have two issues: one relating to the warranty and the other to the damages.

The evidence for the plaintiff tends to prove that he purchased from the defendant and paid for in November, 1912, a car-load of red-marrow beans; that on arrival he inspected them and found them to be apparently in good condition so far as could be ascertained on the outside.

The plaintiff sold seventy-seven bags of the beans out of the whole shipment of one hundred and fifty bags. The merchants to whom he sold these beans returned them with the complaint that they were not salable. There is evidence tending to prove that the red-marrow bean is a fine salable vegetable, used exclusively for table use, with a soft texture, and cooks easily; will not keep as well during the summer as some beans.

The evidence tends to prove that while this shipment of beans looked hard and natural, they could not be cooked, and after being cooked for four or five hours, remained as hard as before, so much so that they would "rattle in the plate," and that these beans now, after the lapse of years, are still hard, contrary to their nature; that the seasons have had no effect on them; whereas the normal and perfect red-marrow bean in its natural state cannot be carried over summer without becoming rotten.

The defendant excepts to evidence tending to prove that good red-marrow beans would mold and rot and get wormy over summer when kept from one season to the other, and that these particular beans had not been affected that way, but still remained very hard and looked natural.

We think this evidence was competent to show that the beans sold the plaintiff were not of an edible quality and were not the kind of beans which he purchased from the defendant.

The only other assignment of error relates to the refusal to nonsuit the plaintiff, upon the ground that there is no implied warranty. This contention cannot be maintained. It is well settled by repeated decisions that on a sale of goods by name, there is a condition implied that they shall be merchantable and salable under that name; and it is of no consequence whether the seller is the manufacturer or not, or whether the defect is hidden or might possibly be discoverable by inspection. *Grocery Co. v. Bentley,* 101 N. E., 147. This is a Massachusetts case, involving the sale of a lot of sardines, and is very similar to the one at bar. The same principle has been announced by this Court in *Main v. Field,* 144 N. C., 311; *Mfg. Co. v. Davis,* 147 N. C., 267; *Medicine Co. v. Davenport,* 163 N. C., 294; *Ashford v. Schrader, ante,* 45. See, also, Cyc., 35, 393, and 410; 35 L. R. A. (N. S.), 509 (n); *Turner v. Crompton,* A. and E. Anno. Cases, 1913, C. 1015.

There is abundant evidence that the beans could not be cooked, and, therefore, they were unfit for food. As they could not be cooked, they were not merchantable, because not fit for the purposes for which red-marrow beans are bought and sold. The doctrine of implied warranty plainly applies to a case like this.

The judgment of the Superior Court is

Affirmed.

CLARK, C. J., dissenting: This is an action to recover damages for defective quality in the sale of a lot of "red-marrow beans." The evidence of the plaintiff is that the beans were "in good condition so far as could be seen on inspection; that they looked hard and natural, but that after being cooked for four or five hours they still remained hard." There was no evidence that these beans, if cooked for four or five hours, would ordinarily be made fit for use. There was therefore no defect shown in the beans, and a nonsuit should have been ordered.

As a matter of fact, these beans are well known as the famous "Boston Baked Beans," and when perfectly fresh, it is said, can be cooked in six hours. But when matured, as these were, they are required to be soaked in water for twelve hours and then cooked from six to twelve before they are edible. However this may be, there was an absence of all evidence showing any defect in these beans or that they should have been cooked in five hours.