THE McCASKEY REGISTER COMPANY v. W. J. BRADSHAW.

(Filed 24 October, 1917.)

1. **Pleadings—Counterclaims—Interpretations—Allegations, Sufficient—Vendor and Purchaser.**

    Upon the principle that, under our Code practice, pleadings should be liberally construed and sustained when it can be seen from their general scope that a party has a good cause of action or defense, though imperfectly alleged, it is held in this action, to recover of the purchaser a balance due on a cash register, that an answer setting up a counterclaim that it was understood by the parties that it could be used and of service in keeping accounts, but in fact it was worthless and could not be properly worked: *Held*, there is an implied warranty that the machine should be of some value and fit for use, and the counterclaim was sufficiently alleged.

2. **Contracts—Fraud—Allegations—Pleadings—Vendor and Purchaser.**

    *Semple*, the representations alleged to have been made by the vendor in this case were sufficient upon the question of fraud, except for the absence of allegation that they were false, or were knowingly so to the vendor, or made with fraudulent intent.

3. **Vendor and Purchaser—Worthless Goods—Complaint—Delay Explained.**

    The delay of the purchaser of a cash registering machine in making complaint that the machine was unfit and worthless may be explained by his continuous effort to have the vendor remedy the defects and comply with his contract, and the latter's unfulfilled promises to do so.

APPEAL by defendant from *Bond, J.,* at February Term, 1917, of NEW HANOVER.

This is an action to recover $302, alleged to be the balance due on the purchase price of a McCaskey register.

The defendants admitted the execution of the contract for the purchase of the register, and the balance due thereon.

The defendants also allege, by way of set-off and counterclaim, that they were induced to buy the register upon the representation that they would save the cost of a bookkeeper by doing so; that it would keep an accurate stock list of their goods, wares, and merchandise; that at the time of the sale the plaintiffs agreed to properly install the register and to send an agent to the place of business of the defendants for that purpose; that an agent was sent and pretended to install the register, and

stated that it was all right, but after operating the same according to instructions the defendants discovered that the machine did not properly register purchases or sales, nor did it do anything as it was represented it would do, and on the contrary it caused the defendants to get their business into confusion, and compelled an outlay of about $100 to have the books of the defendant put in proper form; that complaint was made, and the district manager of the plaintiff went to the place of business of the defendants and examined the machine and agreed that the machine was improperly installed and would not do the work, and he agreed to send the State agent to the plaintiff to properly install the same; that the State agent did not go to see the defendants, and that the defendants, after repeated efforts to have the machine installed, notified the plaintiff at its home office of the imperfect condition of the machine and of its absolute worthlessness, and that the plaintiff declined to put the machine in condition so it would operate; that the plaintiff sold to them a worthless machine that has not been properly installed, and has not properly worked and could not properly work, and that the sale was made fraudulently and with the intent to cheat, deceive and defraud the defendants.

His Honor held that the allegations of the answer were not sufficient as a set-off or counterclaim, and rendered judgment in favor of the plaintiff, upon the pleadings, for the balance due on the purchase price of the register, and the defendants excepted and appealed.

*John D. Bellamy & Son for plaintiff.*
*McClammy & Burgwin for defendants.*

ALLEN, J.  His Honor's ruling proceeds upon the idea that the answer does not allege a defense or counterclaim, and as the defendants have admitted the execution of the contract, and the balance due thereon, that the plaintiff is entitled to judgment.

The answer is not specific and leaves much to inference, but "if it can be seen from its general scope that a party has a cause of action or defense, though imperfectly alleged, the fact that it has not been stated with technical accuracy or precision will not be so taken against him as to deprive him of it."

The pleading must be construed "liberally," and "it must be fatally defective before it will be rejected as insufficient." *Brewer v. Wynne,* 154 N. C., 471.

Applying these principles, we cannot say the defendants are entitled to no relief.

The action was commenced within six months after the execution of the contract, and the purpose for which the register was bought was known to the plaintiff. The defendants were engaged in the mercantile

business, and it was understood by the parties that the defendants were buying a machine which could be used and would be of service in keeping their accounts. This is what the defendants agreed to pay for, and they allege in the answer that the plaintiff "sold to them a worthless machine that has not been properly installed and has not properly worked and could not properly work," and that the sale was made "willfully and fraudulently, with the intent to cheat, deceive and defraud these defendants."

If these allegations are true—and for the purposes of this appeal the defendants are entitled to have them so considered—there was error in rendering judgment for the plaintiff on the pleadings, because of the implied warranty that goods sold are of some value and fit for use. *Ashford v. Shrader,* 167 N. C., 48; *Furniture Co. v. Mfg. Co.,* 169 N. C., 44.

In the last case the Court says: "It was decided in *Ashford v. Shrader,* 167 N. C., 48, that although there is no implied warranty as to quality in the sale of personal property, the seller is held to the duty of furnishing property in compliance with the contract of sale—that is, at least merchantable or salable; and to this we may add that it shall be capable of being used, if intended for use.

"This decision, and others of like import in our reports (*Medicine Co. v. Davenport,* 163 N. C., 297; *Tomlinson v. Morgan,* 166 N. C., 557; *Grocery Co. v. Vernoy,* 167 N. C., 427), rest upon the presumption that both buyer and seller are acting honestly and with no intention to cheat or defraud, and as 'the purchaser cannot be supposed to buy goods to lay them on a dunghill,' as expressed by *Lord Ellenborough,* in *Gardner v. Gray,* 4 Campbell, 143, it will not be assumed that the seller desires to obtain money for a worthless article."

The defendants clearly bring themselves within this rule, as they alleged that the register was "worthless" and "could not properly work."

Nor would we be inclined to hold that the representations alleged to have been made may not be sufficient as a basis for relief on the ground of fraud, under the authority of *Whitehurst v. Ins. Co.,* 149 N. C., 273; *Unitype Co. v. Ashcraft,* 155 N. C., 67, and cases cited, but there is no allegation that the representations were false, or that the party making them knew they were false, or that they were made with fraudulent intent.

The delay of the defendants in setting up their claim, and the failure to return the property, if required to do so (see *Robinson v. Huffstetler,* 165 N. C., 459), is explained in the answer by the efforts made to have the register properly installed, and the repeated promises of the plaintiff to send its agent to the place of business of the defendants for that purpose.

Reversed.