### R. M. JONES v. UNION GUANO COMPANY, INC.

(Filed 19 April, 1922.)

**Constitutional Law—Contracts—Fertilizer—Statutes.**

C. S., 4697, requiring that no damages to or a shortage of crops may be recovered when resulting from the use of fertilizer sold for the purpose of raising them, except after chemical analysis showing deficiency of ingredients, where no claim that the sale is prohibited by statute or that the sale was dishonest or of fraudulent goods, does not impair the right of contract, and is constitutional and valid. *Fertilizer Works v. Aiken,* 175 N. C., 402; *Fertilizer Co. v. Thomas,* 181 N. C., 274, cited and approved.

APPEAL by plaintiff from *Long, J.,* at November Term, 1921, of
ROCKINGHAM.

Civil action to recover damages for an alleged breach of warranty in
the sale of certain fertilizers; plaintiff alleging that his crop of tobacco
was injured by reason of some deleterious or harmful substance con-
tained in the fertilizer sold by the defendant.

At the close of plaintiff's evidence there was a judgment as of nonsuit,
from which this appeal is prosecuted.

*J. M. Sharp and Fentress & Jerome for plaintiff.*
*O. O. Efird, Glidewell & Mayberry, Manly, Hendren & Womble, and*
*Swink & Hutchins for defendant.*

STACY, J.   This is one of nineteen suits brought by resident farmers
of Rockingham County against the Union Guano Company for alleged
crop damage or shortage occasioned by reason of the use of certain ferti-
lizer manufactured and sold by the defendant.   See *S. c.,* 180 N. C., 319.

The plaintiff in this particular case bought fifty-one sacks of the
fertilizer in question, and upon trial there was evidence tending to show
its inferior quality, deficiency of stated ingredients, injury to the crop
of tobacco, etc.   But his Honor dismissed the action and entered judg-
ment as of nonsuit upon the ground that there had been no compliance
with C. S., 4697, with respect to having the fertilizer tested by chemical
analysis, as required by said section as a condition precedent to plain-
tiff's right to maintain this suit.   Upon the record it must be conceded
that plaintiff has failed to meet the requirements of the law, which
clearly provides that no suit for shortage, or damage to crops, resulting
from the use of fertilizers shall be brought, except after chemical analy-
sis showing deficiency of ingredients, unless the dealer has been selling
goods that are outlawed by the statute, or has offered for sale in this
State, during the season, dishonest or fraudulent goods.   *Fertilizer
Works v. Aiken,* 175 N. C., 402.

In order to surmount the barrier and to obviate the difficulty thus
presented, plaintiff attacks this section of the law, relating to agriculture,
as unconstitutional and void.   He says its provisions are unreasonable
and impossible of fulfillment.   But we are unable to agree with the
plaintiff in this position.   The reasons underlying the passage of the
statute in question are fully stated with approval and supported by the
citation of several authorities in *Fertilizer Works v. Aiken,* 175 N. C.,
398.   We need not repeat here what has so recently been said in that
opinion.   There is nothing in the act which impairs the right of con-
tract, and we think it is constitutional.   *Fertilizing Co. v. Thomas,* 181
N. C., 274.

Affirmed.