Action upon note, dated at Harbinger, N.C. 13 May, 1922, executed by defendant, payable to order of plaintiff, for value received in fertilizers. Execution and delivery of the note is submitted in the answer.
As a defense to plaintiff's cause of action upon said note, defendant, in his answer, says "that the note set out in the complaint is without consideration; that the fertilizers which defendant purchased of the plaintiff, Swift Company, and its agent set out above, is worthless; that the defendant purchased it, had his lands well prepared for potatoes, had obtained good seed potatoes and placed the fertilizer on the lands in proper condition, and properly placed and cultivated the potatoes thereon; that the said fertilizer was absolutely worthless, and of no value or benefit to the crop; that the said fertilizer was sold to defendant for potato fertilizer, and such that would be suitable for the potatoes, and with the representation that it had the proper ingredients to produce good potatoes and to produce them for early market; that in truth and in fact, the fertilizer did not have these ingredients; that it did not produce the potatoes nor advance them for the early market, and that the consideration for the note as aforesaid was nothing except the said fertilizer, and that the defendant owes to the plaintiff nothing by reason thereof."
As a counterclaim to plaintiff's cause of action on said note, defendant avers that he purchased from plaintiff, during the spring of 1922, fertilizers; that he executed his note, payable to plaintiff, in the sum of $351, for the purchase price of said fertilizers, as set out in the complaint; that plaintiffs represented to defendant that said fertilizers were good fertilizers and suitable for potatoes; that it had the proper ingredients and would produce potatoes at an early date; that said fertilizers were not as represented, and that by reason thereof defendant was damaged in the sum of $351.
Plaintiffs, in reply to the counterclaim, deny that they made representations with respect to the fertilizer sold to defendant, as alleged by defendant, and rely upon the contract as set out in the note.
The issues tendered by defendant, and submitted by the court to the jury, were as follows:
1. Was the fertilizer, the consideration of the note, worthless?
2. What amount, if any, are plaintiffs entitled to recover?
The jury answered the first issue "Yes," and having so answered same, under the instructions of the court, did not answer the second issue. Plaintiffs moved that the verdict be set aside, for errors. Motion denied and plaintiffs excepted. Plaintiffs then moved for judgment on the pleadings and non obstante veridicto. Motion denied and plaintiffs *Page 164 
excepted. Judgment was thereupon rendered that plaintiffs take nothing by their action, and that defendant go without day and recover of plaintiffs his costs to be taxed by the clerk. Plaintiffs having excepted to this judgment, appealed to the Supreme Court. Assignments of error appear in the opinion.
Defendant did not insist upon the counterclaim, as set up in his answer, at the trial of this action. He tendered no issues involving the matters relied upon in support of his counterclaim. There was neither allegation nor proof that the fertilizers purchased by defendant of the plaintiffs had been subjected to a chemical analysis, showing a deficiency of ingredients, which is made, by statute, a prerequisite to a suit for damages, resulting from the use of the fertilizers; C. S., 4697. Defendant could not, therefore, have maintained an action to recover such damages; Jones v.Guano Co., 183 N.C. 338, 264 U.S. 171, 68 L.Ed., 623. Nor could he, without such allegation and proof, have maintained a counterclaim for such damages; Fertilizing Co. v. Thomas, 181 N.C. 274; Pearsall v. Eakins,184 N.C. 291. There is no provision in the contract between the parties to this action abrogating the statutory requirement. Defendant was, therefore, well advised when he did not insist upon the counterclaim.
The only defense, relied upon by defendant, is failure of consideration for the note sued upon. He admitted the execution of the note, as set out in the complaint, but alleged that the fertilizers delivered to him, pursuant to the contract of sale, which were the consideration for the note, were worthless. This note contains a clause in words as follows:
"The consideration of this note is commercial fertilizers sold to the undersigned without any warranty as to results from its use, or otherwise. Said fertilizers have been inspected, tagged and branded under and in accordance with the laws of this State."
By these words, included in the note signed by him, defendant admits that there was no express warranty by plaintiffs as to results from the use of the fertilizers or otherwise. He is thereby precluded from alleging or contending that there was any express warranty, for the breach of which he is entitled to damages. Indeed, upon the trial, he made no such contention.
The rule of caveat emptor, as applied at common law in the sale of articles of personal property, is not applicable to the sale of commercial fertilizers in this State. "By the common law, the vendor is not bound to answer to the vendee for the quality or goodness of the *Page 165 
articles sold, unless he expressly warrants them to be sound and good, or unless he knew them to be otherwise, or unless they turn out to be different from what he represents them to the buyer; in other words, there must be either an express warranty or fraud, to make the vendor answerable for the quality or goodness of the articles sold." 11 C. J., 43, note b. In this jurisdiction, however, the harshness of the rule of caveat emptor, when strictly applied, is modified and mitigated by the doctrine of implied warranties, which is based upon the presumption that men who receive something of the value in commercial transactions intend to give, in return, something of value. "It is well settled," says Justice Brown, inGrocery Co. v. Vernoy, 167 N.C. 427, "that on a sale of goods by name, there is a condition implied that they shall be merchantable and salable under that name; and it is of no consequence whether the seller is the manufacturer or not, or whether the defect is hidden or might possibly be discoverable by inspection." Justice Allen, in Ashford v. Shrader,167 N.C. 45, and Justice Walker in Medicine Co. v. Davenport,163 N.C. 297, approve the principle as stated in Benjamin on Sales, secs. 683 and 686, in the following words: "If a man sell an article, he thereby warrants that it is merchantable; that is, fit for some purpose. If he sells it for a particular purpose, he thereby warrants it to be fit for that purpose."
It is contended, however, that the words "or otherwise," negative, not only an express warranty by contract between the parties, but also any warranty implied by law, in accordance with the principle above stated. This contention does not commend itself to us as consistent with the honesty of purpose with which plaintiffs are entitled to be credited in their dealings with their customers. The law presumes an honest purpose on the part of plaintiffs in the conduct of their business, in this State, as manufacturers and sellers of commercial fertilizers. It will not presume a purpose to collect from customers the contract price for articles sold, regardless as to whether they are worthless or not. Plaintiffs sold and contracted to deliver to defendant commercial fertilizers; they seek in this action to recover the purchase price for the articles delivered pursuant to this contract. Plaintiffs did not guarantee the results from the use of the fertilizers, nor did they guarantee the quality or goodness of the articles sold. It was the duty of plaintiffs, however, to deliver to defendant, pursuant to the contract, commercial fertilizers. The law implies an undertaking by the plaintiffs to perform this duty. Plaintiffs will not be heard, when seeking to enforce rights under the contract, to say that they absolved themselves from the performance of the duty which the law imposed upon them when they made the contract with defendant. *Page 166 
In Furniture Co. v. Mfg. Co., 169 N.C. 41, this Court held that the implied warranty that the article sold was at least merchantable or salable, and was fit for the purpose for which it was sold, was not affected by express notice to the purchaser that the vendor would not guarantee the condition of the article sold. Justice Allen, writing the opinion for the Court, says: "The refusal to guarantee condition means only a refusal to warrant as to quality, and although the law writes this into every contract for the sale of personal property — that in the absence of express agreement there shall be no warranty as to quality — it holds the seller to the duty of furnishing an article merchantable or salable or that can be used. If so, why should the obligation of the seller be less because he writes in the contract what the law would place there? In other words, if the law writes into a contract of sale, that there is no warranty as to the quality of the goods sold, and still holds the seller to the duty of furnishing an article that is merchantable or salable, or one that can be used, why does not the same duty rest upon the seller when he, instead of the law, writes into the contract that he will not warrant the quality"; Register Co. v. Bradshaw,174 N.C. 414. Machine Co. v. McClamrock, 152 N.C. 406, cited in plaintiff's brief, is not an authority to the contrary of this proposition. It is there said that "it cannot admit of doubt that personal property may be sold with or without warranty, and that from an express stipulation that the property is not warranted a warranty will not be implied." The property which was the subject-matter of the contract involved in that action was secondhand machinery, which was "not warranted." The property sold and delivered was second-hand machinery. The controversy was as to the quality of this machinery, and it was held that in the absence of an express warranty, evidence of inferior quality was inadmissible. It was held that there was no implied warranty as to the quality of the article sold. The use of the words "or otherwise" in the note sued on in this action, did not absolve plaintiffs from the duty to deliver to defendant commercial fertilizer, with the warranty implied by law that the goods sold and delivered were merchantable, or salable, and fit for the purpose for which they were bought.
In addition to the duty imposed by law upon plaintiffs, as manufacturers and sellers of articles of personal property; under the principle of implied warranty, there is the duty imposed by statute upon them as manufacturers and sellers of commercial fertilizers. C. S., 4690 makes it the duty of all persons, companies, manufacturers, dealers or agents, before selling or offering for sale in this State, any commercial fertilizer, to brand or attach to each bag, barrel or package, the brand name of the fertilizer, the weight of the package, the name and address of the *Page 167 
manufacturer and the guaranteed analysis of the fertilizer, giving the valuable constituents of the fertilizer in minimum percentages only, and also, the sources of nitrogen or ammonia and potash. The purpose of this statute is to protect the public from the sale of worthless fertilizers; S.v. Oil Co., 154 N.C. 635.
When plaintiffs as manufacturers, dealers or agents sold to defendant commercial fertilizers, they must be held to have warranted that they had complied with the statute, and that the articles delivered, as commercial fertilizers were truthfully branded as required by the statute. Among other things the statute requires that the "guaranteed analysis of the fertilizer, giving the valuable constituents of the fertilizer in minimum percentages only," shall appear on each bag or package. No commercial fertilizers may be sold in this State without a guarantee of the analysis claimed by the manufacturer. Plaintiffs, therefore, when they delivered to defendants the articles purchased by him as commercial fertilizer, in accordance with the statute, warranted that the contents of the bags or packages, were not only commercial fertilizers, but also were of the guaranteed analysis as appeared on the bag or package.
If the contents of the bags or packages delivered to defendant by plaintiffs were not, in fact, commercial fertilizers, of the analysis guaranteed on each bag or package, as required by statute, there was no consideration for the note, given for the purchase price of the articles bought by defendant, and plaintiffs are not entitled to recover on said note. Total failure of consideration is a defense in an action upon a note between the original parties thereto, C. S., 3008. Jewelry Co. v.Stanfield, 183 N.C. 10; 3 R. C. L., 942, sec. 138 and authorities cited. The note sued on in this action is a negotiable instrument and is deemed prima facie to have been issued for a valuable consideration, C. S., 3004. The burden is on defendant, who admits the execution and alleges failure of consideration, to rebut the presumption arising from the character of the note; Piner v. Brittain, 165 N.C. 401; Hunt v. Eure, 188 N.C. 716. This burden may be sustained by parol evidence.
There was no error in the refusal to render judgment on the pleadings, or judgment non obstante veridicto.
Plaintiff excepted to the first issue tendered by defendant, and submitted to the jury by the court. This issue was as follows:
"Was the fertilizer, the consideration of the note, worthless?"
If a purchaser gets from his vendor the very article which was the subject-matter of the contract of sale, and there is no express warranty as to quality or no fraud or deceit, he cannot defend an action for the purchase price solely upon the allegations and proof that the article was worthless. Fair v. Shelton, 128 N.C. 105. If, however, the article *Page 168 
delivered to the purchaser by his vendor is not the article, which was the subject-matter of the contract, it cannot be said that the purchaser received value for the purchase price, and an action may be successfully defended upon the ground of failure of consideration. The fact, alone, that the article delivered is worthless, is not sufficient to support the defense of failure of consideration. Plaintiff's right to recover upon the note in this action is not to be determined solely by whether or not the fertilizers, the purchase price of which was the consideration of the note, were worthless, in that they did not produce good potatoes for the early market. There was no warranty as to the results of using the fertilizers sold, under defendant's crops. There was a warranty implied by law, that the articles delivered to defendant were commercial fertilizers; there was also the warranty required by statute, that the commercial fertilizers sold were of the guaranteed analysis, as appeared upon the box or package. The breach of the implied warranty and of the statutory warranty, although no demand is made for damages for such breach, is competent evidence upon the issue as to failure of consideration. It is not necessary in order to prove failure of consideration, that there should be a chemical analysis; Carterv. McGill, 168 N.C. 507. The issue, arising upon the pleadings, which will be determinative of this action, is substantially, "Did plaintiffs fail to deliver to defendant commercial fertilizers, of the analysis guaranteed on the bags, in accordance with their contract?"
It may be noted that there are no provisions in the contract between the parties to this action which differentiate their contract from other contracts for the sale of articles of personal property. The fact that commercial fertilizers are the subject-matter of the contract does not affect the character of evidence competent to be heard by the jury upon the issue. There is no demand for compensation for deficiency of ingredients; nor are damages from results of using the fertilizers sought. The controversy is as to the identity of the articles delivered with the articles sold. Defendant contends that plaintiffs did not deliver to him the articles which he bought and which plaintiffs contracted to sell and deliver to him. If this allegation is true, there was no consideration for the note sued on. The issue submitted, to which plaintiffs excepted, does not present this question. The exception was well taken, and the assignment of error based thereon must be sustained.
We do not pass upon or discuss other assignments of error, which are based upon exceptions to evidence upon the issue erroneously submitted. There must be a
New trial. *Page 169