ALDRIDGE MOTORS, INC., v. S. P. ALEXANDER, TRADING AND DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF ALEXANDER MOTOR COMPANY.

(Filed 8 June, 1940.)

**1. Pleadings § 19—**

Defendant may demur *ore tenus* at any time on the ground that the complaint fails to state a cause of action.

**2. Automobiles § 6—**

In the sale of a car by one automobile dealer to another automobile dealer for resale to the ultimate purchaser, there is an implied warranty that the car is merchantable and salable and reasonably fit for the use for which it was sold, and this implied warranty between the dealers is not affected by the fact that the contract between the dealers is approved by the manufacturer.

**3. Same: Pleadings § 29—Motion to strike held properly denied, the allegations being germane to plaintiff's cause of action.**

This action was instituted by one automobile dealer to recover on an implied warranty that the car purchased by it from another automobile dealer was merchantable and salable and reasonably fit for the purpose for which it was sold. *Held:* Allegations in the complaint to the effect that plaintiff had sold the car to an ultimate purchaser who complained of defects in the electrical system and the later destruction of the car by fire as a result of such defects, and that the ultimate purchaser had recovered judgment against plaintiff dealer on an implied warranty, are germane to the action and defendant dealer's motion to strike such allegations from the complaint was properly denied, but the verdict of the jury in the prior action was properly stricken from the complaint upon motion, since what the jury did in the other case would be harmful and prejudicial.

**4. Automobiles § 6: Sales § 18—**

In an action between dealers upon an implied warranty, the defense that plaintiff dealer had knowledge of the defect resulting in the destruction of the car in the hands of the ultimate purchaser for some time prior to its destruction, and did not notify defendant dealer until after the ultimate purchaser had filed suit for damages, and that therefore plaintiff was' estopped to maintain an action, cannot be taken by demurrer but must be raised by answer.

APPEAL by defendant from *Harris, J.,* at January Term, 1940, of DURHAM. Affirmed.

This is an action brought by plaintiff against the defendant to recover from defendant damages on an implied contract in the sale of a 1938 model Ford Tudor DeLuxe Sedan, on the ground that the said automobile was so defective in electrical materials and workmanship that it ignited on the night of 22 February, 1938, and burned up, due to the defect in its electrical materials and workmanship and that the said automobile had proven to be utterly unfit for the use for which it was sold and purchased.

The statement of facts as set forth in the complaint by plaintiff, are substantially as follows: Aldridge Motors, Inc., the plaintiff in this action, was engaged in the business of buying and selling automobiles during the year 1937. On 12 May, 1937, and prior thereto, the defendant S. P. Alexander, trading as Alexander Motor Company, was the local Ford dealer and on said date the plaintiff and the defendant entered into a contract whereby Alexander Motor Company agreed to sell to

Aldridge Motors, Inc., Ford passenger cars, trucks and parts for resale to the retail trade. This agreement was approved by Ford Motor Company. Under the terms of this agreement the plaintiff was required to keep a record of the sale of Ford motor vehicles sold by it and to report all sales made by it to the defendant and to coöperate with the policies of the company in furthering the interests of owners of Ford automobiles.

On 24 December, 1937, the plaintiff purchased from the defendant a 1938 model Ford Tudor DeLuxe Sedan and immediately sold said automobile to Lokie G. Martin for $875.54 and directed the defendant to deliver said car direct to Mr. Martin. The defendant complied with said instructions and delivered the said car to Mr. Martin on 24 December, 1937. The automobile in question was sold to the plaintiff by the defendant with an implied warranty that it was free from defects in workmanship and materials and that it was reasonably fit for the use for which it was sold and purchased.

That within a week from the time the automobile was delivered to Mr. Martin by the defendant, Mr. Martin made complaint to the plaintiff that the electrical materials and workmanship in said automobile were so defective that the battery in said car became discharged and that the starter would not operate. That the electrical materials and workmanship in said car were so defective that from 24 December, 1937, to 22 February, 1938, Mr. Martin put eight fully charged batteries in said automobile even though said car had been driven less than 2,000 miles during said time.

That on the night of 22 February, 1938, the said automobile ignited and burned up due, as alleged in the complaint, to the defect in its electrical materials and workmanship. It is alleged in the complaint that the car was utterly unfit for the use for which it was sold by the defendant and was a total loss other than a salvage value of $50.00. That subsequent to 22 February, 1938, Mr. Martin made demand on the plaintiff for $875.54, the full purchase price of said automobile. The plaintiff refused to pay Mr. Martin the purchase price of said car and notified the defendant of the claim and demand made by Mr. Martin. That on 27 June, 1938, Lokie G. Martin instituted suit in the Superior Court of Durham County against Aldridge Motors, Inc., the plaintiff in the present action, for $875.54, and for $193.10 for the loss of his garage. Aldridge Motors, Inc., notified Alexander Motor Company that said action had been instituted. Aldridge Motors, Inc., employed counsel and defended the suit. The case was tried during the March Term, 1939, of the Superior Court of Durham County, and in said action issues were submitted to and answered by the jury as follows:

"1. Was the Ford DeLuxe Sedan automobile sold by the defendant

ALDRIDGE MOTORS, INC., *v.* ALEXANDER.

Aldridge Motor Company to the plaintiff, as alleged in the complaint, defective in material or workmanship at the time of its delivery to the plaintiff so that it was not reasonably fit for the use for which it was intended, and in breach of the implied warranty?   Ans.: 'Yes.'

"2. If so, was the defective material or workmanship the cause of the destruction of the automobile, as alleged in the complaint?   Ans.: 'Yes.'

"3. In what sum, if any, is the plaintiff entitled to recover of the defendant?   Ans.: '$775.54.' "

That on the issues as answered by the jury a judgment for $775.54 and costs was rendered against Aldridge Motors, Inc.   Aldridge Motors, Inc., paid the full amount of the said judgment and costs in the sum of $32.70, on 1 April, 1939.   Whereupon the plaintiff in this present action made demand on the defendant in this action for the amount of the judgment and costs, less the sum of $50.00—the actual salvage value of the automobile.   Alexander Motor Company refused to pay said amounts to the plaintiff and thereupon this action was instituted.

The defendant did not demur to the complaint in the court below, but filed a motion to strike all of the allegations contained in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 of the plaintiff's complaint. The motion was duly heard and denied except as to a part of paragraph 16 of the complaint.   From the order entered denying the motion the defendant appealed to the Supreme Court.

*W. H. Hofler and Marshall T. Spears for plaintiff.*
*Hedrick & Hall for defendant.*

CLARKSON, J.   The defendant in the court below made a motion to strike out all the allegations in the complaint, as follows: Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19.   The court below refused the motion of defendant to strike out the above paragraphs of the complaint with the exception of the following: "The court is of the opinion that the issues as set out in paragraph 16 of the complaint should be stricken from said paragraph."   We think the court below correct in its decision.

The defendant in his brief and in this Court demurred *ore tenus* to the complaint.

In addition to the question on the motion to strike, there is the further question for our decision: Does the complaint state facts sufficient to constitute a cause of action?   We think so.   The authorities dealing with the sufficiency of the complaint also dispose of the question raised on the motion to strike.

In *Snipes v. Monds,* 190 N. C., 190 (191), it is held: "Even after answering in the trial court, or in this Court, a defendant may demur *ore tenus,* or the court may raise the question *ex mero motu* that the complaint does not state a cause of action. *Garrison v. Williams,* 150 N. C., 675." *Seawell v. Cole,* 194 N. C., 546 (547); *Key v. Chair Co.,* 199 N. C., 794 (796). The defendant was within his right when he demurred *ore tenus.*

Plaintiff and defendant were dealers—the plaintiff purchased its cars for resale. The plaintiff was required to make a report of all sales to the defendant. Black's Law Dictionary defines a dealer, as follows: "A dealer, in the popular, and therefore in the statutory, sense of the word, is not one who buys to keep, or makes to sell, but one who buys to sell again."

In *Swift & Co. v. Aydlett,* 192 N. C., 330 (334-5), it is held: "The doctrine of implied warranty in the sale of personal property is too well established in this jurisdiction now to be drawn in question. It should be extended rather than restricted. *Poovey v. Sugar Co.,* 191 N. C., 722; *Swift v. Etheridge, supra* (190 N. C., 162). The harshness of the common law rule of *caveat emptor,* when strictly applied, makes it inconsistent with the principles upon which modern trade and commerce are conducted; the doctrine of implied warranty is more in accord with the principle that 'honesty is the best policy,' and that both vendor and vendee, by fair exchange of values, profit by a sale. In *Grocery Co. v. Vernoy,* 167 N. C., 427, the late *Justice Brown* says: 'It is well settled by repeated decisions that on a sale of goods by name, there is a condition implied that they shall be merchantable and salable under that name; and it is of no consequence whether the seller is the manufacturer or not, or whether the defect is hidden or might possibly be discovered by inspection.' "

The case of *Williams v. Chevrolet Co.,* 209 N. C., 29, was an action to recover for defective materials and workmanship in an automobile sold to the plaintiff by Dixie Chevrolet Company, Inc. The first issue in this case was as follows: "Was the Chevrolet automobile, sold by Dixie Chevrolet Company, Inc., to the plaintiff, defective in material or workmanship at the time of its delivery to the plaintiff, so that it was not reasonably fit for the use for which it was intended?" In the opinion in this case, it is said: "The full significance and import of the first issue seems to have been overlooked on all hands. If the automobile purchased by the plaintiff were so defective 'that it was not reasonably fit for the use for which it was intended,' then the plaintiff would be entitled to recover of the seller for want of consideration. *Swift & Co. v. Aydlett,* 192 N. C., 330, 135 S. E., 141; *Register Co. v. Bradshaw,* 174 N. C., 414, 93 S. E., 898; *DeWitt v. Berry,* 134 U. S., 306; 6 R. C.

L., 684, *et seq.* Similarly, the seller would be entitled to recover over against the dealer or manufacturer, irrespective of the terms of the contract of warranty. *Ashford v. Shrader,* 167 N. C., 45, 83 S. E., 29. It is believed that a covenant, however expressed, must be regarded as *nude pact,* and not binding in law, if founded solely upon considerations which the law holds altogether insufficient to create a legal obligation. *Hatchell v. Odom,* 19 N. C., 302. 'If it (the article sold) be of no value to either party, it, of course, cannot be the basis of a sale'— *Ashe, J.,* in *Johnston v. Smith,* 86 N. C., 498. The refusal to warrant against worthlessness would fall with the balance of the supposed contract for want of consideration. *Furniture Co. v. Mfg. Co.,* 169 N. C., 41, 85 S. E. (*Hearse case*)." *Medicine Co. v. Davenport,* 163 N. C., 294; *Grocery Co. v. Vernoy,* 167 N. C., 427; *Furniture Co. v. Mfg. Co.,* 169 N. C., 41; *Swift & Co. v. Etheridge,* 190 N. C., 162; *Gorby v. Bridgeman* (1919), 183 W. Va., 727, 92 S. E., 88; *Olson v. Sullivan* (1925), 109 Okla., 297, 234 Pac., 634; *Little v. G. E. CanSyckle & Co.,* 115 Mich., 480, 73 N. W., 554; Williston on Contracts (Revised Edition, 1937), Vol. 5, sec. 1355, p. 3801.

The underlying principle on which appellee relies in this case is well settled in Williston on Contracts, *supra,* p. 3800, *et seq.:* "As has been seen damages are recoverable for such consequences of a breach as would follow in the usual course of events. It becomes necessary to inquire when consequential damages fall in this category. . . . For example, defects in goods sold will not justify the recovery of consequential damages other than those which might be expected to flow from the defects. Where goods are sold with a warranty to a dealer it must be assumed that the dealer may resell them with a similar warranty to a subpurchaser. Accordingly, if this is done, and the subpurchaser recovers damages from the original buyer, the latter has a *prima facie* right to recover these damages against the seller who originally sold him the goods." Williston on Contracts, *supra,* sec. 1394, p. 3893.

The principal argument in defendant's brief on the question of its demurrer *ore tenus* to the complaint seems to be bottomed on the premise that in the sale of personal property by one dealer to another dealer the law does not raise an implied warranty. While it is true the complaint alleges that the agreement by and between the plaintiff and defendant for the sale of cars by the defendant to the plaintiff was made with the consent and approval of Ford Motor Company; nevertheless, the mere approval of the contract by Ford Motor Company in nowise changes the legal obligations that the law imposes on every vendor and vendee, even though each one be called a dealer. As between dealers there is an implied warranty that the personal property sold is merchantable and salable and reasonably fit for the use for which the property was sold.

*Ashford v. Shrader,* 167 N. C., 45; *Grocery Co. v. Vernoy,* 167 N. C., 427.

The defendant also contends: "That he was simply notified that a claim had been asserted against Aldridge Motors, Inc., and that a suit had been instituted against Aldridge Motors, Inc., to collect the claim," and argues that plaintiff should be estopped to maintain this action. We think this contention cannot be sustained—this must be raised by answer, and cannot be raised on a demurrer *ore tenus* or a motion to strike. Estoppel such as the defendant tries to raise is a defense which can only be considered when set out in its answer. It would be an affirmative defense and the burden of proof would rest on the defendant.

In *Laughinghouse v. Ins. Co.,* 200 N. C., 434 (436), it is written: "It is insisted that estoppel or waiver must be pleaded and as a rule this is true. *Mfg. Co. v. Assurance Co.,* 110 N. C., 176; *Clegg v. R. R.,* 135 N. C., 148, 154; *Modlin v. Ins. Co.,* 151 N. C., 35; *Shuford v. Ins. Co.,* 167 N. C., 547."

Construing the complaint liberally, we think it sufficiently states a cause of action. Whatever may be the decisions in other states, the cases before set forth is the settled law of this jurisdiction and the majority rule.

We think the court below correct in striking out the issues as set forth in paragraph 16 of the complaint. What the jury did in the other case would be harmful and prejudicial in the trial of this case. In the present state of the record, we think the judgment of the court below must be

Affirmed.