RICHARD CLIFTON ROSE v. EPLEY MOTOR SALES AND JEROME EPLEY

No. 7425DC617

(Filed 6 November 1974)

1. **Uniform Commercial Code § 15— implied warranty of merchantability — proof of breach**

In order to establish a claim for relief under the implied warranty of merchantability of G.S. 25-2-314, plaintiff must prove (1) that a merchant sold goods, (2) which were not merchantable at the time of sale, and (3) injury and damages to plaintiff or his property (4) caused proximately by the defective nature of the goods, and (5) notice to the seller of injury.

2. **Uniform Commercial Code § 15— warranty. of merchantability — car catching fire — absence of proof of cause of fire**

Plaintiff's evidence was insufficient to establish a claim for relief under an implied warranty of merchantability of a car purchased from defendant where it tended to show only that after three hours of operation the car caught fire in the engine compartment and was

destroyed, but there was no evidence of a defect in the car or of the cause of the fire. G.S. 25-2-314.

3. **Uniform Commercial Code § 15— warranty of fitness — car catching fire**

Evidence that the engine of a car purchased by plaintiff caught fire after three hours of operation was insufficient to establish a claim for relief under the implied warranty of fitness of G.S. 25-2-315.

APPEAL by defendants from *Dale, District Judge,* 8 April 1974 Session of BURKE County, the General Court of Justice, District Court Division. Heard in the Court of Appeals 23 October 1974.

The plaintiff asserts in his complaint that on 6 November 1973, he bought a used Volkswagen from Epley Motor Sales; that the defendant impliedly warranted the merchantability and fitness of the car under G.S. 25-2-314 and 25-2-315; that the automobile, after three hours of normal operation, caught fire in the engine compartment and was completely destroyed; that the plaintiff thereafter offered to rescind the contract of sale, but was refused; and that as a consequence of the defendants' breach of his implied warranty, the plaintiff has been damaged in the amount of $1,020.00, plus interest.

The defendants answered through a motion seeking dismissal of the action for failure to state a claim for relief upon which a judgment could be entered. Specifically, the defendants contend that the car was sold "as is," which disclaims any implied warranties on their part. They also assert that there is no allegation of a defect in the car's mechanism, only that a fire has substantially destroyed the vehicle. On the motion to dismiss it was the plaintiff's contention that it was not incumbent upon him to prove who or what caused the fire; that it just smacked of injustice to drive a recently acquired car for three hours or one hundred miles and have it burn up. After argument, the defendants' motion was denied.

The plaintiff-buyer testified that he test drove the car before he eventually bought it around noon on 6 November 1973. He then drove it to the license bureau and to a filling station where he purchased some gas and had the oil checked. He then drove toward Marion and testified as to how well the car operated. As he crossed Highway #126 in McDowell County, the car made a funny racket, whereupon blue smoke started coming out of the back end of the car. The car then proceeded to

burn up. He testified on cross-examination that he had no idea what happened to cause the fire. The next day, he sought to rescind the contract but was unsuccessful. This being the plaintiff's entire case, the defendants made a motion for directed verdict which was denied. After all the evidence, this motion was renewed and again denied. Thereafter, plaintiff's motion for directed verdict was allowed.

From judgment awarding the plaintiff the full purchase price and costs, the defendants appeal.

*Robert E. Hodges for plaintiff appellee.*

*Byrd, Byrd, Ervin & Blanton by Robert B. Byrd and Joe K. Byrd, Jr., for defendant appellants.*

CAMPBELL, Judge.

The defendant contends that the trial court erred in denying defendants' motion for directed verdict at the end of all the evidence.

"The motion for a directed verdict under Rule 50(a) presents substantially the same question as that formerly presented by a motion for judgment of involuntary nonsuit . . . . The motion for judgment of involuntary nonsuit . . . presented a question of law for decision by the court, namely, whether the evidence was sufficient to entitle the plaintiff to have the jury pass on it. [Citations omitted.] The same question of law is now presented by a motion for a directed verdict under Rule 50(a)." *Kelly v. Harvester Co.,* 278 N.C. 153, 157, 179 S.E. 2d 396, 398 (1971).

[1] To establish a cause of action "[u]nder 2-314, a plaintiff must prove (1) that a merchant sold goods, (2) which were not 'merchantable' at the time of sale, and (3) injury and damages to the plaintiff or his property (4) caused proximately and in fact by the defective nature of the goods, and (5) notice to seller of injury." White and Summers, Uniform Commercial Code, § 9-6, at 286 (1972).

"Regardless of the ground on which it is sought to hold a . . . seller . . . liable for injury allegedly caused thereby, it is of course necessary that it be established that the product in question actually was defective, deleterious, or otherwise harmful in the respect claimed.

Rose v. Motor Sales

\* \* \* \*
The defectiveness of the product is not shown by proof of nothing more than that the product was involved in an accident." 1 R. Anderson, Uniform Commercial Code, § 2-314:8, at 531 (2d Ed. 1970).

We believe that the above authority properly sets forth the proof required in North Carolina to establish a claim for relief under G.S. 25-2-314. The Uniform Commercial Code in this respect accords with prior decisions of the North Carolina Court. *Motors, Inc. v. Allen,* 280 N.C. 385, 186 S.E. 2d 161 (1972); *Aldridge Motors, Inc. v. Alexander,* 217 N.C. 750, 9 S.E. 2d 469 (1940).

[2] In the case at bar, the plaintiff offered absolutely no evidence of a defect in the Volkswagen or of the cause of the fire, the presence of defectiveness and causation being left to complete conjecture. As mentioned above, the plaintiff must offer some evidence that the fire was caused proximately by the defective nature of the automobile. Absolute certainty or positive proof of causation is not required and may even be established by circumstantial evidence, but the evidence must be such that there is a reasonable likelihood or probability of the occurrence and not merely a possibility. Taking the facts in the light most favorable to the plaintiff, a jury would be left to speculate as to the cause of the fire and could not reasonably infer that a defect in the automobile caused the fire. Consequently, we find that the plaintiff has failed to sustain his burden in proving the essential elements of his cause of action and that the trial court was in error in not granting defendants' motion for directed verdict.

[3] We take note that the plaintiff also alleged breach of implied warranty of fitness arising under G.S. 25-2-315. This warranty, however, is even more specific than that in G.S. 25-2-314 and normally only arises in very special circumstances where a buyer purchases goods that have to be specially selected for his particular use. We find no circumstances in this case giving rise to such a cause of action, particularly where we have already found insufficient proof to sustain a cause of action under G.S. 25-2-314.

In view of the foregoing, we find no need to discuss the appellants' remaining assignments of error and reverse the trial court in denying the defendants' motion for directed verdict.

Reversed.

Judges BRITT and VAUGHN concur.